<div style="float:right">LITTLETON<br>*v.*<br>PRATT.</div>

It is therefore ordered and decreed that the judgment of the District Court be avoided and reversed; and, it is ordered and decreed that the plaintiff recover of the defendants the sum of two hundred and fifty dollars, balance due, after allowing the credit of seven hundred and fifty dollars, with eight per cent. per annum interest on said balance from the 1st of March, 1852, until paid; it is further ordered that the execution of this judgment be suspended, until bond and security be given in the sum of six hundred dollars by the plaintiff, conditioned as the law requires, and approved by the District Judge; and the costs of this appeal to be paid by the plaintiff and appellee, and those of the District Court by the appellants.

<div style="float:right">10  491<br>110  477</div>

## C. LEWIS *v.* G. W. PEETS.

Where it appears that the purpose of the suit is the avoidance of the sale by restoring the parties to the situation in which they were before the contract, so far as that is possible, it will be considered a redhibitory action, and not an action *quanti minoris*. C. C. 2496, 2498.

APPEAL from the District Court of Claiborne, *Jones*, J.

*McGuire & Ray*, for plaintiff and appellant:

The general rule is that parole evidence cannot be admitted against or beyond what is contained in the written act, nor on what may have been said *before* or *at the time* of making it, or *since:* C. C. 2256. The Article C. C. 2498, which says that the buyer cannot institute the redhibitory action on account of the latent defects which the seller has disclosed to him before or at the time of the sale, and that "testimonial proof of this declaration may be received," is, as the court say in the case of *Goodloe* v. *Hart*, 2 L. 449, "an exception to the general rule, and cannot be extended beyond the case provided for." This exception, then, is confined to the redhibitory vice which the seller has declared to the buyer before or at the time of the sale, and not to the seller refusing to warrant against a redhibitory vice which he does not declare to exist. The declarations made by the buyer before or at the time of the sale do not come within this exception. In the case of *Hawkins* v. *Brown*, 7 L. 421, it was held that at a Probate Sale made by a Parish Judge, aided by a crier, who declared the existence of redhibitory defects in the slaves sold, at the time of the sale, that such declarations could not be received in evidence on the part of the administrator in an action against the purchaser for the price of the slaves so sold, as the declaration so made was not made by the vendor or administrator. See Decree, p. 423. The above decisions are not in conflict with the ruling in the case of *Campbell* v. *Botts*, 5 A. 106.

*Egan*, for defendant:

Defendant files an exception here in strict accordance with the rule laid down in Arts. 902 and 346 of C. P., and *Zollicoffer* v. *Briggs*, 3 R. 236, it being pleadable at any time, and the evidence apparent on the face of the record, that this is not good, either as an action " *quanti minoris*," nor " an action of redhibition." The petition demands no *reduction of the price*, nor even *its repayment*, but only " judgment for nine hundred dollars," in which amount plaintiff alleges he has been " *damaged*." It seems, therefore, to be an action instituted under Article 2294 of the Civil Code. It is the prayer of the petition which determines the character of the action. Hennen's Digest: Pleading, (V. 5, Sec. 2, and cases there cited.) "When particular forms of action are prescribed by law for the redress of injuries, they must be complied with." Again, " compensation for injury sustained by the purchaser, in consequence of defects in the thing sold, can only be

recovered by a redhibitory action, or by the action *quanti minoris.*" [See *Richardson* v. *Johnson*, 1 An. 389—doctrines recognized and reiterated by the court in *Peterson* v. *Burn*, 3 An. 655, and *Fisk* v. *Proctor*, 4 An. 562.] There is great similarity between the prayer of the petition in the case at bar and that of *Richardson* v. *Johnson*, above quoted, where this point is expressly ruled. But even could an action for damages generally be maintained at all, plaintiff has omitted to allege that defendant knew of the defects in the slave at the time of the sale, and omitted to declare them; wherefore defendant is not answerable for damages at all. [C. C., Art. 2523. *Fuentas* v. *Caballero*, 1 An. 27; *Musson* v. *Clayton*, Ib. 22; *Johnson* v. *Johnson*, 2 An. 67.]

But not even a redhibitory action will lie when the defects in the thing sold were known or declared by the vendor before the sale, although the act of sale contain the usual warranty against redhibitory vices. [See C. C. 2498. *Lebesque* v. *Bonin*, 3 R. 12; *Campbell* v. *Botts*, 5 An. 106; *Hough* v. *Vickers*, 6 An. 724.]

BUCHANAN, J. (SPOFFORD, J., having been of counsel, recused himself.) The appellee, who had a verdict of a jury and judgment in his favor in the court below, upon the merits, contends in this court that the conclusions of the petition are consonant neither with the redhibitory action, nor with that *quanti minoris*.

The petition sets forth a purchase of a slave for the price of seven hundred and thirty-seven dollars and fifty cents, fully warranted against redhibitory vices and maladies; that said slave proved to be a confirmed runaway, and died while a runaway; that by reason of such death, it is impossible to tender back the slave to plaintiff; claims nine hundred dollars, price of slave and expenses incurred in searching for him while runaway.

This appears to be strictly a redhibitory action. The purpose of the suit is the *avoidance of the sale* (C. C. 2496,) by restoring the parties to the situation in which they were before the contract, so far as that is possible. The plaintiff seeks *to have again* the price which he paid. If he does not offer to defendant *to have again* the slave that he sold, it is because the slave is dead.

The redhibitory vice alleged, is running away. The act of sale expresses a warranty against " all the redhibitory vices known in the laws of this State." But the defendant pleads that he declared to plaintiff both before and at the time of the sale, that the slave *Martin* was in the habit of running away, and that he refused to warrant said *Martin* from running away. In support of this plea, defendant has offered a witness, who proves that he made the bargain with plaintiff for the sale of *Martin;* that after the terms of sale were agreed upon, witness told plaintiff the t tle of the slave was not in himself but in defendant, and they would have to go to defendant's office to get title. Witness and plaintiff went to defendant, and told him their business; whereupon defendant sat down to write the deed of sale, and wrote on until he came to the warranty. He then remarked to plaintiff that he was perfectly willing to warrant the negro against all defects except that of running away. The plaintiff remarked that he thought the negro would run away himself, and that he did not want a warranty title for any other purpose than that, if he wanted to trade the negro, it would show that he had a full guarantee title, and that he did not care about the negro running away; that if he did runaway, he had dogs to catch him, &c.

To rebut this evidence, plaintiff called a witness, his brother, who declared that he was present when the contract of sale of the negro was made between the plaintiff and *Natten*, the previous witness; that plaintiff said to *Natten* that the boy looked like he might be a runaway, and *Natten* said he would not run-away. Witness was present at the time the plaintiff commenced writing the act of sale of the slave, and remained until it was more than half finished; went

out of the room to another room fifteen or twenty feet off, to see what o'clock it was; was gone about a minute, and returned to *Peets'* office long before he was done writing the deed. Witness heard nothing said at the time the act of sale was being written about the warranty, except that the defendant asked the plaintiff if he wanted a full warranty title, and the plaintiff replied that he did.

The admissibility of parol evidence to control the written act of sale, seems well settled, under the construction of Article 2498 of the Code, in the case of *Campbell* v. *Botts;* and the plaintiff's objection stated in his bill of exceptions is viewed by us as going entirely to the effect of the testimony of defendant's witness, which we have transcribed above, and placed in juxtaposition with that portion of the testimony of plaintiff's witness which relates to the conversation between the parties at the writing of the act of sale.· Upon this conflicting evidence, the jury who tried this cause had to decide, whether, in point of fact, the defendant had made known to plaintiff, at the time of sale, the existence of the redhibitory vice of running away. In forming their opinion, the jury had over us the great advantage of seeing and knowing the witnesses and the parties: and we do not feel ourselves justified, under the circumstances of the case, in disturbing their award.

Judgment affirmed, with costs.