(75 South. 93)

No. 20770.

MARINOVICH'S ESTATE v. JONES.

(On Motion to Dismiss Appeal, Oct. 19, 1914.
On the Merits, April 16, 1917.)

*(Syllabus by the Court.)*

On Motion to Dismiss Appeal.

1. APPEAL AND ERROR ⟐⟿657(1)—MOTION TO DISMISS — REMAND TO COMPLETE TRANSCRIPT.

Where an appellee moves to dismiss an appeal on the ground that there was no order of appeal, and the appeal bond recites that the order was granted in open court, but the clerk of the district court has omitted from the transcript of appeal an abstract of the minutes of the court, the case will be remanded to the district court to complete the transcript.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2830, 2831, 2833.]

On the Merits.

2. VENDOR AND PURCHASER ⟐⟿342—SALES—DEFICIENCY IN AREA — DIMINUTION OF PRICE.

When the purchaser of a tract of land, described in the deed by its name, the section number or numbers, township and range, the area, and the boundaries on all sides, makes no complaint of a failure to get all of the property he thought he was buying, until a survey made several years after the purchase discloses that the area of the land is only about two-thirds of the area stated in the deed, and the purchaser then sues the vendor for the value of the difference between the actual area and the area stated in the deed, the action is governed by the provisions of the Civil Code (Rev. Civ. Code, art. 2498) relating to the action for diminution of the price on account of a deficiency in the quantity or area of the property sold, and not by the provisions (Rev. Civ. Code, arts. 2506, 2511) relating to an action for restitution of a part of the price on account of an eviction from a part of the property.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 1018, 1019.]

3. VENDOR AND PURCHASER ⟐⟿347—SALES—ACTION FOR DIMINUTION OF PRICE—LIMITATION.

The action for diminution of the price on account of a deficiency in the quantity or area of the land bought must be brought within one year from the date of the contract of sale; otherwise, it is barred. Rev. Civ. Code, art. 2498.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. § 1021.]

Appeal from Eleventh Judicial District Court, Parish of Natchitoches; W. T. Cunningham, Judge.

Suit by the executors of the succession of Mrs. Marie Marinovich against Matthew Jones. Judgment for defendant, and the executors appeal. Motion to dismiss the appeal denied, and case remanded to district court to allow appellants to have the transcript completed and returned within 30 days, and judgment affirmed.

J. D. Rusca, of Natchitoches, for appellants. Scarborough & Carver, of Natchitoches, for appellee. J. A. Williams, of Colfax, and Smith & Dismukes, of Natchitoches, for J. H. Williams, warrantor. Breazeale & Breazeale, of Natchitoches, for H. & B. Beer, warrantors.

On Motion to Dismiss Appeal.

O'NIELL, J. [1] The appellee has moved to dismiss this appeal on the grounds: (1) That the appeal bond is not a legal bond; and (2) that the transcript is not complete. In his printed brief in this court he says that there was no order of appeal.

The appellee has not pointed out any illegality or informality in the appeal bond, and we fail to find any defect in it, except that the word "consideration" is used where the word "condition" was intended. This error was probably made in copying the bond into the transcript and is not a sufficient cause for dismissing the appeal.

The certificate of the clerk of court of the correctness and completeness of the transcript is in due form. The record appears to be complete, except that there are certain original documents attached which were filed in evidence and should have been copied into the transcript, and except also that the record does not contain an abstract of the minutes of the district court of the proceedings had in the case.

We do not find an order of appeal in the

record; but the appeal bond recites that the appeal was granted in open court, and, without an abstract of the minutes, we are unable to say that the order of appeal was not so granted.

We have concluded not to dismiss the appeal, but to remand the case to the district court to allow the appellant to have the transcript completed, and especially to supply an abstract of the minutes of the proceedings had in this case.

For the reasons assigned, this case is remanded to the district court, allowing the appellant 30 days in which to complete and return the transcript. The costs of appeal are to await the final judgment.

### On the Merits.

On the 6th of October, 1899, Mrs. Marie Marinovich, then the wife of Dominico Rutolo, purchased by authentic act from the defendant, Matthew Jones, a tract of land described as follows, viz.:

"All that certain tract of land, with all the buildings and improvements thereon, situated in the parish of Natchitoches, on the left bank of Cane river, descending, about 23 miles below the town of Natchitoches, and known as the Lattier Place, containing 391.77 acres, said plantation being made up of the original tracts which adjoin each other and constituting the one plantation hereinabove mentioned, said place being composed of section 97 containing 64.23 acres, section 98 containing 281.13, and section 21 containing 45.72 acres, all being in township 7 north, range 6 west, said property being bounded above by lands now or formerly owned by J. B. Metoyer, below by lands now or formerly owned by Mrs. George Kirkland, in the rear by Little river and in front by Cane river, being the same property acquired by Matthew Jones from J. H. Williams by deed of date April 17, 1897, recorded in Book 96, folio 121."

It does not appear from the deed that the land was sold at a certain price per acre. The consideration stated in the deed was as follows: The purchaser surrendered to the vendor certain mortgage notes which she held against the plantation, amounting, with interest to the date of the sale, to the sum of $8,240. He canceled a debt which she owed him, amounting to $67.40, gave her a horse valued at $100, and $25 in cash, and promised to pay her $250 one year after the date of the sale.

It was recited in the deed that the property would be delivered to the purchaser on the 1st of January, 1900; and she did take possession on or about that date.

Mrs. Marinovich resided about 12 miles from the plantation, and seldom visited the place. It was cultivated by the tenants who rented from her.

Mrs. Marinovich died in 1912, and her executors obtained an order of court to sell the property to pay the debts of the succession. It was offered for sale at public auction and was adjudicated to one Hyman Cohn, the last and highest bidder, at the price of $10,600. Before paying the price of the adjudication, Cohn had the titles examined and a survey made of the place. The survey disclosed that the plantation contained only 263.30 acres. Section 97, fronting on Cane river and extending back in an easterly direction, between converging lines, contained the full area stated in the deed, 64.23 acres; but the northern portion of that section, containing 32.47 acres, was not within the boundaries stated in the deed. Only the southern part of that section, containing 31.76 acres, was below the northern boundary stated in the deed; the balance of the section, 32.47 acres, was in the plantation forming the northern boundary of the land of Mrs. Marinovich. Section 98 also contained the area stated in the deed, 281.13 acres; but only 182.98 acres of that section was embraced within the boundaries mentioned in the deed. The southern portion of that section, consisting of a strip of land extending from Cane river back between parallel lines to Little river and containing 96 acres, was embraced within the plantation formerly owned by Mrs. George Kirkland, forming the southern boundary of the Lattier Place, as

described in the deed from Matthew Jones to Mrs. Marinovich. Hence the area of the Lattier Place, described in the deed from Matthew Jones to Mrs. Marinovich and in the advertisement of the sale of the property of her succession, was only 263.30 acres; that is, 128.47 acres less than the area stated in the deed from Matthew Jones to Mrs. Marinovich and in the advertisement of the sale of the property of her succession. The adjudicatee, Cohn, therefore refused to comply with his bid. The executors proceeded against him by a rule to compel him to pay the purchase price, $10,600, and take title to the property. On trial of the rule, judgment was rendered in favor of Cohn, releasing him from his bid; and the court then ordered the executors to readvertise the property for sale as containing 263.30 acres, its true area. At the second offering at public auction, the property was adjudicated to Cohn, the last and highest bidder, at the price of $7,950; that is, $2,650 less than he had bid on the first offering.

[2] Thereafter, the executors of the succession of Mrs. Marinovich brought this suit against Matthew Jones for $3,854.10; that is, for the loss of the value of 128.47 acres of land at $30 an acre. They also pray for judgment for $500 for taxes which they allege she paid on the land, and for the costs of court incurred in the proceeding by rule against Cohn, amounting to $100. They allege, in their petition, that the defendant represented, in the deed to Mrs. Marinovich, that the plantation contained 391.77 acres and that he was bound in warranty to deliver that quantity of land; that his failure to deliver 128.47 acres rendered him liable in warranty, the same as if Mrs. Marinovich or her succession had suffered an eviction on account of the titles of her neighbors to that quantity of land in sections 97 and 98. The action is therefore founded upon articles 2506 and 2511 of the Civil Code, which pro-

vide that, if the vendor in an act of sale be not expressly exempt from the warranty of the title he conveys, and if the purchaser be evicted from the property purchased, or from a part of it, the latter is entitled to reimbursement of the price, or a proportionate part of it, and of the costs of the action in warranty as well as the costs of the suit for the eviction.

The defense is that this is not an action for restitution of a part of the purchase price on account of eviction from a part of the property sold, but is an action for diminution of the price on account of a deficiency in the area stated in the deed; that, as the Lattier Place described in the deed was designated by the adjoining tenements and sold from boundary to boundary, the purchaser, or her succession, is not entitled to a diminution of the price on account of a deficiency in the area; that the action for diminution of the price could only have been brought within one year from the date of the contract of sale, and is therefore barred by the prescription of one year, as provided in article 2498, R. C. C.; and that, if the action is not prescribed under that provision of the Code, it is prescribed by the lapse of 10 years, under article 3544, R. C. C., which provides that all personal actions except those otherwise provided for in the Code are prescribed by the lapse of 10 years.

This suit was filed on the 13th of November, 1913, and service of the petition was accepted and citation was waived on the 18th of that month; that is, more than 14 years after the date of the contract of sale.

Judgment was rendered in favor of the defendant, rejecting the demand of the executors, and they have appealed.

The district judge assigned no other reasons for his judgment and decree than that the law and the evidence were in favor of the defendant. It is stated in the brief filed by the learned counsel for the executors that

the district court sustained the plea of prescription of one year.

If this is an action for diminution of the price on account of a deficiency in the area of the land bought by Mrs. Marinovich, and not an action in warranty or for reimbursement of a part of the purchase price on account of an eviction from a part of the land bought by her, the action is prescribed.

[3] The record discloses, and it is admitted, that Mrs. Marinovich was an illiterate woman, to whom a description of land by the government survey or by the numbers of the sections, township, and range, could not convey any meaning whatever. She bought the Lattier Place, as she saw it and knew it; that is, the property lying between the boundaries stated in the deed, fronting on Cane river and extending back to Little river. She lived 12 years after she had bought the place and never complained of having failed to get possession of what she thought she had bought. The survey made 13 years after Mrs. Marinovich had bought the place was the first disclosure that the land she bought did not contain the area stated in the deed. The fact that there was no dissatisfaction on the part of Mrs. Marinovich during 12 years after the sale, and none on the part of her executors until a survey of the property disclosed that the area was less than that stated in the deed, is the best proof imaginable that this is an action for diminution or restitution of a part of the price on account of a deficiency in the area of the land, and not an action for restitution of a part of the price on account of an eviction from, or failure to get, a part of the property which the purchaser bought and understood she was buying. The action for a diminution of the price, or for a cancellation of the contract of sale, on account of a deficiency in the area of the land bought, must be brought within one year from the date of the contract; otherwise, it is barred. R. C. C. 2498; Stewart v. Boyd, 15 La. Ann. 171.

The judgment appealed from is affirmed, at the cost of the appellants.