BRUNOT, J.
 

 This is a suit to recover a 5 per cent, commission upon the sale price
 
 *47
 

 of
 
 a block of timber and a sawmill, which defendant- sold- fpr $25,000 cash. Defendant excepted to the suit upon the ground that the petition did not disclose a cause of action. - This exception was argued, submitted, and overruled, and defendant filed an answer in which all of the averments of the petition, material to the issue, are denied. The case was tried, argued, and submitted, and judgment was rendered in favor of the plaintiff and against the defendant, as prayed for in the petition. The defendant appealed, and, in due time, the case was heard on appeal by the Court of Appeal, Second Circuit, which avoided the judgment of the district court, sustained defendant’s exception of no cause of action, and dismissed plaintiff’s suit. A motion for a rehearing was filed, heard, and overruléd, and relator applied to this court for a writ of certiorari. The application was granted, the usual order issued, the record has been sent up in response to that order, and the case is now .before us for review.
 

 The question we are called upon to consider is whether or not the Court Of Appeal erred in sustaining the defendant’s exception of no cause of action.
 

 The Court of Appeal reached the conclusion, and so held, that a person who contracts to procure for another a buyer for a large block of timber, * * * for a 'commission of 5 per cent, of the purchase price as compensation for his services, is a real estate broker, and, as the plaintiff alleges that he is not a real estate broker, which, in effect, admits that he is not licensed as such, his petition does not disclose a cause of action. The court’s opinion is based upon the provisions of Act No. 236 of 1920. The act relied upon relates exclusively to real estate and to chance or curb brokers. Section 1 and so much of section 2 of the act as defines who are real estate and chance or curb brokers are as follows:
 

 “Section 1. Be it enacted by the General Assembly of the state of Louisiana, that it shall be unlawful for any person, firm, association, copartnership or corporation, whether operating under an assumed name or otherwise, from and after January 1, 1921, to engage in the business or capacity, either directly or indirectly, of a real estate broker, a real estate salesman, a business chance broker or curb broker within this state without first obtaining a license under the provisions of this act.
 

 “Section 2. Be it further enacted, etc., that a real estate broker within the meaning of this act is any person, firm, partnership, association, copartnership or corporation, who for a compensation or valuable consideration sells or offers for sale, buys or offers to buy, or negotiate the purchase or sale or exchange of real estate, or who leases or offers to lease or rents or offers for rent, any real estate or the improvements thereon for others, as a whole or ■partial vocation. * * * A business chance broker, or curb broker, within the meaning of this act, is any person, firm, partnership, association, copartnership' or corporation, other than as herein excepted who for a compensation or valuable consideration sells or offers for sale, buys or offers to buy, or negotiates the purchase or sale or exchange of a business, business opportunity, or the good will of an existing business for others as a whole or partial vocation.”
 

 The petition in this case alleges that plaintiff and defendant entered into a contract under- the terms of which plaintiff was' to find a purchaser for defendant’s timber, the price to be fixed by defendant, and, if plaintiff succeeded in finding such a purchaser, defendant was to pay to plaintiff 5 per cent, of the selling price as compensation for his services. It is clear that the contract sued upon did not involve nor did it contemplate any real estate transaction, for standing timber is not real estate. Act No. 236 of 1920 relates only to real estate and business chance, or curb brokers, and, therefore, none of its provisions have any application to the contract or agreement here sued upon. As Act No. 236 of 1920 is relied upon as the sole ground upon which defendant’s~exceptibn' oí no cause of action is based, we think the Court of Appeal erred in sustaining that exception and dismissing plaintiff’s suit.
 

 
 *49
 
 The Court of Appeal has
 
 not
 
 rendered a decision on the merits, and the case will be remanded for that purpose.
 

 For these reasons' the judgment of the Court of Appeal is avoided and reversed, the exception of no cause of action is overruled, and the case is remanded to the Court of Appeal to be heard and decided on the merits. The costs of this proceeding to be paid by respondent.