No. 4181

Second Circuit

(Second Division)

———

SELBY v. WILLIAMS

———

(March 16, 1932. Opinion and Decree.)
(May 4, 1932. Rehearing Refused.)

———

Boone & Boone, of Many, attorneys for plaintiff, appellant.

Ponder & Ponder, of Many, attorneys for defendant, appellee.

TALIAFERRO, J. Plaintiff purchased from defendant, on February 15, 1927, for the price of $2,800 cash, by warranty deed, an undivided one-fourth interest in and to the oil, gas, and other minerals in and under the following described tract of land in Sabine parish, viz:

"All that part of the Southwest Quarter of the North East Quarter, Section 33, Township Ten North, Range Twelve West, which lies south of the Las Amegas Grant line, containing thirty five acres"—subject to an oil and gas lease thereon in favor of another person.

He alleges that defendant only owned that part of said tract described as follows, viz.:

"All that portion of Southwest Quarter of Northeast Quarter of Section 33, Township 10 North, Range 12 West, which lies south of the Las Omegas Grant Line and *east of the west bank of Deep Branch.*"

In other words, that defendant at date of sale did not own that part of the tract *west of Deep Branch*, and therefore did not, and could not lawfully, convey to plaintiff any interest in it; that this part of the land contains 12.4 acres.

Plaintiff alleges that he has been evicted from that portion of the tract described in his deed which said defendant did not own, but does not set forth any facts or circumstances constituting the eviction. He sues to recover the portion of the price paid therefor, viz., $992.

Defendant denies all of the allegations of plaintiff's petition, except in so far as same conform to and are in accordance with the public records of Sabine parish; and avers that if plaintiff ever had a cause of action against defendant for diminution of the purchase price of the sale referred to, such action is barred by the prescription of one year, which is specially pleaded. Defendant also filed an exception of no cause or right of action against plaintiff's suit, which was referred to the merits, and overruled by the court.

The lower court sustained the plea of prescription of one year and rejected plaintiff's suit at his cost, and he has appealed.

If this suit is one for the diminution of the price of sale on account of shortage in quantity or area, the action is barred by the prescription of one year provided in article 2498 of the Civil Code, because more than a year elapsed between date of sale and filing suit. If it is held to be an action to recover a part of the purchase price because of eviction from a definite parcel of the property described in the deed, or because of an outstanding, adverse, paramount title in some third person to such definite parcel of the property, then the action falls under article 2500 et seq. of the Code, relating to the obligations of the warrantor in case of eviction, and is not barred by said prescription.

We think plaintiff's action clearly falls under the last-named articles of the Code. He is suing for the proportionate part of the price of sale based upon the acreage of a definite, specific part of the property, which he claims to have been evicted from. It is true, as argued by defendant, that plaintiff alleges he is entitled to a diminution of the price of sale. It is also true that he alleges eviction from a certain part of the property sold him. Both of these allegations are not pertinent to either of the above-mentioned actions. An eviction cannot arise from a shortage in acreage, but the right to sue for diminu-

tion of price does; while an action on warranty obligation arises from eviction from all or a part of the thing sold.

To ascertain the character of a plaintiff's action when inartfully expressed, reference should be made to all the allegations of his petition and from a consideration of these the court will determine whether or not he is bound by inappropriate averments. This action is one for restitution of part of the purchase price of sale and the petition may easily be construed to have that purpose.

The comparatively recent case of Marinovich's Estate v. Jones, reported in 141 La. 397, 75 So. 93, 95, discusses at some length the actions for diminution of purchase price and that for restitution of part of such price where eviction has taken place.

Defendant relies upon that case as sustaining his position herein. We do not think he can gain much comfort from this decision, because it supports the conclusions reached by us. The court therein said:

"If this is an action for diminution of the price on account of a deficiency in the area of the land bought by Mrs. Marinovich, *and not an action in warranty or for reimbursement of a part of the purchase price on account of an eviction from a part of the land bought by her*, the action is prescribed." (Italics ours.)

There are many other cases holding to same effect; in fact, there appears to be perfect uniformity of the jurisprudence on the question.

Under plaintiff's allegations, it was necessary that he establish that he had been evicted from the land, the price of which he sues to recover, in order to make out his case. He has not done this. There is no evidence in the record whatever which in the least proves that defendant did not own the land he sold to plaintiff, and there is equal lack of evidence showing eviction.

For the reasons herein assigned, the judgment appealed from is set aside, avoided, and reversed, and there is now judgment dismissing plaintiff's suit as in case of non-suit. Costs of appeal to be paid by defendant, all other costs by plaintiff.