BRUNOT, Justice.
 

 This is a suit for an alleged breach of warranty in the acreage conveyed by an act of sale of a plantation. The defendant excepted to the suit upon the ground that the petition did not disclose a cause of action, and he also pleaded the prescription of one year. The exception and plea of prescription were heard and maintained, and the suit was dismissed at the plaintiff’s cost. The appeal is from that judgment.
 

 Pending the appeal the appellee died and his heirs have been substituted as defendants and appellees.
 

 The suit is for $12,987.50 with legal interest thereon from judicial demand, and costs. It was instituted in 1919. It appears from the minutes (tr. p. 23) that the defendant’s exception of no cause of action and plea of prescription were overruled, and the record shows that the defendant answered the suit and called his co-obligors in warranty. The co-obligors reiterated the exception of no cause of action, and the plea of prescription filed by the defendant, and, reserving the benefit of said exception and plea, answered the suit and the call in warranty. The exception and plea of prescription were evidently reargued and resubmitted to the court with the result stated supra, although the minutes make no mention of that fact.
 

 We quote from the deed by which the plantation was conveyed to the plaintiff the following:
 

 “A certain sugar plantation situated in the. Parish of St. Charles, in 'this state on the right bank of the Mississippi River at about thirty-five miles above the City of New Orleans, measuring thirteen and a half arpents front, more or less, on said river by one hun-j dred arpents in depth, bounded on the upper side by the lands now or formerly of Labat^ and LeSassier & Binder, and below by the lands now or formerly belonging to Gilbert Darnesbourg, and composed of the following tracts of land described as follows on a plan of said plantation annexed to an act passed before A. Pitot, Jr., late a Notary Public, in the City of New Orleans, on the 24th day of January 1872. * * *
 

 “Making for the entire plantation known as the ‘Mary Plantation’ a superficial area of fourteen hundred and twenty six and seventy hundredths aeres (1426.70).”
 

 The plan referred to in the deed is attached to an act which is not before the court, and,
 
 *1053
 
 as the plan is controlling, the court is powerless to say whether or not the property conveyed by the deed is correctly described therein. But from our view of the case this is not important.
 

 The defendant’s exception of no cause of action is based upon C. O. art. 2495, which we quote:
 

 “There can be neither increase nor diminution of price on account of disagreement in measure, when the object is designated by the adjoining tenements, and sold from boundary to boundary.”
 

 The plea of prescription is based upon C. C. art. 2498, which provides:
 

 “The action for supplement of the price on the part of the seller, and that for diminution of the price or for the canceling of the contract on the part of the buyer, must be brought within one year from the day of the contract, otherwise it is barred.”
 

 It is admitted that the plaintiff took actual possession of the Mary Plantation under its deed and cultivated it for more than nine years, when, as the learned trial judge correctly says:
 

 “The plaintiff caused a survey to be made of the property so acquired and from it. discovered that a certain narrow strip of the property, so transferred, had been encroached upon by the owner or owners from the North of the pldntation, who had been in actual possession of this strip, cultivated it from year to year and who, undoubtedly, under the allegations of the petition of the plaintiff and which, I imagine, is the truth, to have acquired title to it by thirty years prescription.
 

 “They also discovered that a tract in the Government survey, was one which neither Levert or his authors ever had title to and, accordingly, this suit was brought.
 

 “The description of the property is clearly one intended to designate the Mary plantation as the object to be sold. * * *
 

 “The description then declares that the plantation sold is composed of certain Governmental survey sub-divisions and declares that the whole contains a superficial * * * acreage of fourteen hundred odd acres.
 

 “The question is presented now, by the exception of no cause of action, as to whether or not this is in truth and fact, a sale per aversionem. * * *
 

 “It seems to me that this question was put squarely before the Supreme Court in the case of Marinovich’s Estate v. Jones, reported in 141 La. 397, 75 So. 93.”
 

 In the Marinovich Case, as in this case, the property was not sold at a certain price per acre, but as a plantation, within certain boundaries, composed of certain governmental subdivisions, and described as follows:
 

 “All that certain tract of land, with all the buildings and improvements thereon, situated in the parish of Natchitoches, on the left bank of Cane river, descending, about 23 miles below the town of Natchitoches, and known as the Lattier Place, containing 391.77 acres, said plantation being made up of the original tracts which adjoin each other and constir tuting the one plantation hereinabove mentioned, said place being composed of section 97 containing 64.23 acres, section 98 con
 
 *1055
 
 taining 281.13, and section 21 containing 45.72 acres, all being in township 7 north, range 6 west, said property being bounded above by lands now or formerly owned by J. B. Metoyer, below by lands now or formerly owned by Mrs. George Kirkland, in the rear by Little river and in front by Gane river, being the same property acquired by Matthew Jones from J. H. Williams by deed of date April 17, 1897, recorded in Book 96, folio 121.”
 

 Approximately twelve years after Mrs. Marinovieh acquired the property she died. Her executors caused the property to be sold at public auction, and it was adjudicated to Hyman Cohn. Cohn had the property surveyed and discovered a deficiency of 12S.47 acres less than the area of the property advertised for sale, and, for that reason, refused to comply with his bid. On the hearing of a rule to compel compliance with the bid, Cohn was released and the property, under the court’s order, was readvertised and sold as containing 263.30 acres. Thereafter the executors sued Jones for the difference, in value, of the actual acreage he conveyed to Mrs. Marinovich and the acreage called for in his deed to her. They contended, as the plaintiff contends in this case, that the vendor, Jones, was bound in warranty to deliver to the purchaser the acreage called for by the deed. The defense to the suit was that the action was not one “for restitution of a part of the purchase price on account of eviction from a part of the property sold, but is an action for diminution of the price on account of a deficiency in the area stated in the deed,” and, as the suit was brought more than one year after the sale, the, action was barred by prescription. The trial judge rejected the executors’ demand, and this court affirmed the judgment, saying:
 

 “The survey made 13 years after Mrs. Marinovich had bought the place was the first disclosure that the land she bought did not contain the area stated in the deed. The fact that there was no dissatisfaction on the part of Mrs. Marinovich during 12 years after the sale, and none on the part of her executors until a survey' of the property disclosed that the area was less than that stated in the deed, is the best proof imaginable that this is an action for diminution or restitution of a part of the price on account of a deficiency in the area of the land, and not an action for restitution of a part of the price on account of an eviction from, or failure to get, a part of the property which the purchaser bought and understood she was buying. The action for a diminution of the price, or for a cancellation of the contract of sale, on account of a deficiency in the area of the land bought, must be brought within one year from the date of the contract; otherwise, it is barred. R. C. C. 2498; Stewart v. Boyd, 15 La. Ann. 171.”
 

 The Marinovich Case is .directly in point. The conclusion reached by the court therein is sound and decisive of this ease.
 

 In the case of Nelson v. Allen, 152 La. 753, 94 So. 379, 380, this court said:
 

 “The conclusion at which we have arrived in this case is that the incidental mention in the contract of lease of the quantity of land as ‘200 acres,’ so much relied upon by plaintiff, was intended to be merely descriptive and not controlling or by way of warranty. Bautovich v. Great Southern Lumber Co., 129
 
 *1057
 
 La. 858, 56 So. 1026, Ann. Cas. 1913B, 848; Brawley v. U. S., 96 U. S. 168, 24 L. Ed. 622.”
 

 In the Nelson Case, the plaintiff knew the land and had inspected it before he leased it. He took possession of it under his lease and farmed it. A subsequent survey disclosed a deficiency in the acreage of the leased premises. Thereupon the plaintiff sued the defendant for an alleged breach of the lease contract because of the nondelivery of the acreage stated in the lease. The plaintiff’s demand was rejected by the trial judge, and, on appeal to this court, the judgment was affirmed.
 

 The rule that a description by metes and bounds prevails over other means of description is definitely reiterated in the opinion of this court, on rehearing, in the case of Consolidated Companies, Inc., v. Haas Land Co., Limited et al., 179 La. 19, 153 So. 6.
 

 For the reasons stated, we find that the judgment appealed from is correct, and it is therefore affirmed, at the appellant’s cost.