KENNON, Judge.
Defendant,: Dr. H. H. Smith,' owner of 325 acres of land in Bossier Párish, Louisiana, executed á timber dried in October,, 1944 in which he- conveyed to T. J. Barnard all of the timber six inches in diameter and over on said land, granting purchaser until November 1, 1946 to remove the timber. The timber deed contained the following provision, which is the basis of the present suit: “It is agreed that the purchaser, its successors or assignors will1 only cut the timber on the land once and when, the timber has been- cut over < once it reverts back to the said Dr. H. EL Smith.” -
' The purchaser, T. J. Barnard, went on the land and cut and removed- -the pine pulpwood, finishing this operation in September, 1945. Meantime, in May, 1945, Barnard executed a deed to Gross & Janes Tie Company (plaintiff herein) conveying all hardwood timber on the land over six inches in diameter. In June, 1946, while plaintiff company was engaged in cutting and removing this hardwood timber,, the defendant Smith, after his request to cease cutting had been refused, instituted criminal proceedings against plaintifPs agents and workmen. Plaintiff, on September 5, 1946, filed the present suit against Dr. Smith and his agent, Allen Meares, seeking an injunction restraining both these defendants from interfering with plaintiff’s timber operations on the tract in question.
Defendánts in answer denied plaintiff’s claims and sought recovery, as plaintiff in reconvention,- for the following items:
200,000 ft. of hardwood timber at $10.00 per thousand $2,000.00
15,000 ft. of pine timber at $15.00 per thousand - 225.00
Damage to young and growing timber 500.00
After trial, the District Court rendered judgment in favor of plaintiff and rejected defendants’ reconventional demands. The case is before us on defendants’ appeal.
*923 The record shows that in the summer of 1945 Barnard, the purchaser, -went on the land, cut and removed a large quantity of pine pulpwood, and a considerable number of pine poles. While defendants contend that he at this time’ also cut over the hardwood timber, the record discloses that Barnard confined his cutting of hardwood to the securing of the number of logs necessary to make a foundation for the piling up and storing of the pine poles during the interim between their cutting and removal' from the tract, and for other uses incidental to the stacking and storing of the pine.
In the summer of 1946, the plaintiff company as purchaser from Barnard, began to cut and remove the, hardwood from the Smith tract. Operations were interrupted when defendants caused the arrest o.f plaintiff’s agents, but resumed after an injunction was issued restraining defendants from further interference. The plaintiff company, before November 1, 1946, completed the removal of all hardwood timber six inches and over from the tract.
Defendants contend that the action of" the purchaser Barnard in cutting the pine timber on the land in 1945 placed him in the position of’having “cut the timber on the land once” within the meaning of the above-quoted clause, and that consequently the hardwood timber reverted to defendant Smith as landowner and that he is entitled to be reimbursed for such timber as was removed from his land in 1946.
Plaintiff’s contention is that the purchaser Barnard had a right to make a selective cutting of the timber for pulpwood purposes, to be followed up by a selective cutting of the hardwood or saw- logs and that until both operations had been completed, the tract could- not be considered as “cut over once” within the meaning, of the limiting clause contained in Barnard’s deed from Dr. Smith.
The Supreme Court of Louisiana in the case of Clark v. Weaver Brothers Realty Corporation, 197 La. 63, 200 So. 821, 827, recognized the doctrine previously laid down by that Court in the case of American Creosote Works, Inc., v. Campbell et al., 172 La. 866, 135 So. 659, namely, that if the purchaser’ of designated timber goes over, the, entire tract and removes therefrom the timber which he purchased, he cann.qt later go upon the;cut over land and renew operations, even though the time given for removal has not expired. In the Clark case, Clark had 'sold timber on a 233 acre tract, giving the purchaser (or its assignees) fifteen years in which to remove same. Some six years later, the purchaser caused to be cut from over the entire tract in question the timber that was suitable fo’r making “caps, , stringers, and deckers.” Some timé later, when the purchaser began the cutting of saw logs from the Clark tract, plaintiff filed suit to recover the value of the logs removed. The Supreme Court in denying recovery stated that the ■cutting of the lumber suitable for “caps, stringers, and deckers” constituted a “selective cutting” and that the purchaser’s right to remove the trees not suitable for the special purpose for which' the first cutting was made was not lost by this first selective cutting. ,
In view of the- interpretation of timber contracts by the Supreme Court in the above-cited cases, the inclusion of the clause in the timber 'deed before us that the purchaser could only cut over the timber on the land once, made little difference in the rights of the parties to the timber sale, and the case turns on the question of whether or not, under the rule laid down in the American Creosote Works case, supra, the 1945 selective cutting (of pine tiiriber) was such a removal of timber from the entire tract as to prevent the 1946 .harvesting of the hardwood timber.
Defendants argue that because some of the hardwood was cut and used for the purpose of .storage racks and to otherwise facilitate the cutting of the pine, that the 1945 operations, constituted a cutting of the hardwood timber. However, the evidence discloses that no hardwood was cut for sale in 1945, and there were some 200,000 feet of hardwood timber-remaining on the place at the' conclusion of the 1945 cutting. Therefore, we find that the 1945 operation was a selective -cutting of the pine timber only and the 1946 operations by plaintiff *924 were not in violation of the clause in the deed that the purchaser “will only cut.the timber on the land once.” . .
The judgment appealed' from is-affirméd, with costs. '