PONDER, Justice.
- In this'suit'the plaintiff is seeking to recover from the defendant surety on a real estate bond for money allegedly misappropriated by a real estate broker who had been employed by the plaintiff. This suit was tried and the lower court gave judgment in favor of the plaintiff. The defendant has appealed.
The defendant is the surety on the bond of William E. Mount, a licensed real estate broker and agent for the. plaintiff, authorized and empowered to sell real estate belonging to the plaintiff. Mount entered into an agreement on December 20, 1935 with the plaintiff to negotiate sales of real estate for which he was to be paid a percentage on the amount of the sales. Mount sold, land and timber belonging to the plaintiff which he did not report to the plaintiff and the money received from these sales was. retained by him without the knowledge of the plaintiff until after the death of Mount, when his succession was opened and his. books reflected the various sales of land and timber and the amount he had received from such sales. The succession of Mount-proved to be insolvent and the plaintiff brought this suit against his surety.
It appears that the plaintiff in the agreement of December 20, 1935 secured the services of Mount for the purpose of obtaining offers for the sale of real estate to be submitted to the plaintiff for written approvaL Mount wrote the plaintiff on December 30^ 1935 informing it that he was negotiating, for the sale of timber on its lands. On July 28, 1943, the Board of Directors of the-plaintiff passed a resolution ratifying all of the sales made by Mount arid gave the purchasers credit for the sums of money paid to Mount.
*158 The appellant contends that it is not liable under its real estate bond to the appellee for the payment of monies collected by Mount from the purchasers of the real estate in the absence of proof of dishonesty on the part of the agent. We cannot accept this contention because Mount received the money and never accounted for it to the plaintiff or informed the plaintiff of the transactions.
The appellant contends that Mount was not an agent of the plaintiff but acted purely in his capacity as real estate broker by securing offers to be submitted for written aproval. The plaintiff evidently considered Mount as their agent invested with the authority to sell its real estate because it ratified the sales and gave credit to the purchasers for the money paid to Mount. Moreover, there is a letter in the record wheréin Mount informed the plaintiff that he was traversing some of the lands belonging to plaintiff in order to complete sales of timber. In that letter he refers to his commissions and copies of past sales made by him for the plaintiff.
The appellant contends that the sale of timber is not the sale of real estate under the provisions of the real estate act. Citing Act 236 of 1920, LSA-R.S. 37:1431 et seq.; Vander Sluys v. Finfrock, 158 La. 175, 103 So. 730; Trentman Co. v. Brown, 176 La. 854, 147 So. 14; Clark v. Weaver Bros. Realty Corp., 197 La. 63, 200 So. 821; American Creosote Works, Inc. v. Campbell, 172 La. 866, 135 So. 659; Bennett v. Bennett, La.App., 14 So.2d 272; Bagents v. Crowell Long Leaf Lumber Co., La.App., 20 So.2d 641; Gross & Janes Tie Co. v. Smith, La.App., 45 So.2d 922 and Cleaton v. Dowling, 164 La. 46, 113 So. 759.
The Vander Sluys case is not pertinent because it merely held that an oil and gas lease was not real estate. The Trentman case did not involve the sale of timber. The Clark case is adverse to appellant’s contention because it held that the sale of timber was a sale of real estate, pointing out that there are two estates, one consisting of land and one consisting of timber, citing Act 188 of 1904 and many cases. The American Creosote Works, case is authority only for the length of time that the plaintiff therein had under the contract to cut merchantable timber. The Bennett and Bagents cases involved this same question. The Gross & Janes Tie Co. case is authority only for the proposition that when the purchaser exercised his right to cut the timber he cannot later go upon the land and renew operations. Neither of the aforementioned cases are authority for appellant’s contention that timber is not real estate. The only one of the cited cases that bears out the appellant’s contention is the case of Cleaton v. Dowling, supra. It was clearly held in that case that standing timber is not real estate and a contract for the sale of timber was not a real estate transaction under Act 236 o.f 1920. In reaching this conclusion the court did not consider nor discuss Act 188 of 1904, now . LSA-R.S. 9:1103, which provides:' “Standing timber shall remain an immov *160 able, and be subject to all the laws relative to immovables, even when separated in ownership from the land on which it stands.”
Prior to the decision in Cleaton v. Dowling, supra, there were many decisions interpreting Act 188 of 1904 holding that the sale of timber was a sale of real estate. This conclusion was necessary for the decisions in the following cases: Smith v. Huie-Hodge Lumber Co., 123 La. 959, 49 So. 655; Hyde v. Barron, 125 La. 227, 51 So. 126; Brown v. Hodge-Hunt Lumber Co., 162 La. 635, 110 So. 886; Gray v. Edgar Lumber Co., 138 La. 906, 70 So. 877; Simmons v. Tremont Lumber Co., 144 La. 719, 81 So. 263; Kavanaugh v. Frost-Johnson Lumber Co., 149 La. 972, 90 So. 275. These cases were cited with approval, subsequent to the Cleaton case in the case of Cooley v. Meridian Lumber Co., 195 La. 631, 197 So. 255, but no mention was made therein of the Cleaton case. Subsequently this court in Clark v. Weaver Bros. Realty Corp., 197 La. 63, 200 So. 821, pointed out that land and timber form two estates and that the sale of timber was a sale of real estate, citing Act 188 of 1904 and the cases heretofore mentioned interpreting Act 188 of 1904.
Timber is not mentioned in Act 236 of 1920, it merely provides that a bond must be given by a real estate broker. Therefore, if timber is considered real estate, the sale of same would be covered by a bond given under this act.
It is impossible to reconcile the holding in the Cleaton case with the jurisprudence of this state. Act 188 of 1904 was not referred to or considered in that case. Evidently the court overlooked this provision of the law and the various decisions interpreting this act. If the court had considered this act and these decisions the holding might have been different. We are bound by the act of the legislature and the only conflict with Act 188 of 1904 is the holding in Cleaton v. Dowling, supra. Since there is no way to reconcile the Cleaton case with the act of the legislature and the jurisprudence of this state, it must necessarily be overruled.
The appellant contends that even, though the appellee discharged the obligations of Mount, for which it contends the appellee was not bound, that appellee was not subrogated to the rights of the purchasers under the provisions of Articles 2160 and 2161, LSA-C.C. We cannot accept this contention because we have already held that Mount was the agent of the appellee. Moreover, it is provided in Act 236 of 1920, as amended, LSA-R.S. 37 :- 1447, that “Anyone who is injured or damaged by the agent or broker by any wrongful act done in the furtherance of such business or by any fraud or misrepresenta-tion by the agent or broker may sue for the recovery of the damage before any court of competent jurisdiction.”
For the reasons assigned, the judgment is affirmed at appellant’s cost.