80 So.2d 855

**MARTIN TIMBER COMPANY**

v.

**JEAN LUMBER COMPANY et al.**

No. 41873.

April 25, 1955.

Rehearing Denied May 23, 1955.

Gold & Hall, Alexandria, for appellant.

Robert H. Wimberly, Arcadia, for appellees.

McCALEB, Justice.

This is a suit for a diminution in price resulting from a deficiency of the measure in a sale of standing timber. Plaintiff, a commercial co-partnership, alleges that, on July 17, 1952, it purchased by deed from the defendants, Jean Lumber Company, also a commercial co-partnership, and the individual members thereof, 1,470,496 feet

of pine timber for the price of $58,819.84; that, under the provisions of the deed, it was given until December 31, 1953 to cut and remove the timber; that it discovered in June, 1953, when the cutting and removal was completed, that there was a shortage of 103,393 feet in the measure of the timber and that, therefore, it is entitled to recover a proportionate part of the purchase price paid by it representing this shortage, amounting to the sum of $4,135.72.

To this petition, which was filed on October 26, 1953, defendants pleaded the prescription of one year provided by Article 2498 of the Civil Code. After a hearing, the court sustained the plea and dismissed the suit. Plaintiff has appealed.

█ It is asserted by plaintiff that Article 2498 is inapplicable to the case because its action is predicated on Articles 2475 and 2476 of the Code, pertaining to delivery and warranty. And it is further maintained that, even if it is held otherwise, prescription has not accrued because it did not begin to run until December 31, 1953, the time allowed plaintiff under the contract within which to complete the cutting and removal of the timber from the land.

Article 2498 of the LSA–Civil Code reads as follows:

"The action for supplement of the price on the part of the seller, and that for diminution of the price or for the canceling of the contract on the

part of the buyer, must be brought within one year from the day of the contract, otherwise it is barred."

This article is one of a number of interrelated articles, beginning with Article 2491 and extending through Article 2499 of the Civil Code, which have been held to refer exclusively to sales of immovables. See Greenfield Box Co. v. Independence Veneer & Box Mfg. Co., 163 La. 86, 111 So. 608. Unquestionably, these articles control the sale in the case at bar, as standing timber is an immovable under our law and " * * * subject to all the laws relative to immovables, even when separated in ownership from the land on which it stands". R.S. 9:1103.[1]

Counsel for plaintiff, while conceding perforce that standing timber is immovable, profess that the deed in the instant case shows that plaintiff actually purchased a specified number of feet of pine timber which was to be cut and removed within a fixed period of time. From this premise, it is argued that the sale of a movable, rather than an immovable, is involved and therefore Article 2498 is inapplicable.

■ We find no substance in this contention as the contract (which is annexed to and made part of plaintiff's petition) plainly exhibits that the vendor sold certain standing timber, located on certain described land, to plaintiff for a stated price.

The deed provides that, in consideration of $58,819.84 paid by plaintiff, defendants sell and convey 1,470,496 feet of pine timber "marked, with blue paint at the ground level and on the bole of the tree at a point approximately eight (8) feet from the ground level, growing and situated upon the following described property * * *". It is further stated therein that defendants warrant their title to the timber rights, " * * * it being the intention of the Vendor to convey to the Vendee all right, title and interest in and to the above described property acquired from the International Paper Company by instrument dated the 13 day of August, 1952, * * *".

Thus, it clearly appears that defendants sold plaintiff for a certain price the marked timber situated on the particular land described in the contract and that the stated measure of the footage of timber conveyed was obviously an estimate, as an exact measure could only be ascertained after the trees were cut and removed from the land. This is shown by plaintiff's allegations and also by stipulation of the parties respecting an opinion which would have been given by an expert in forestry, if he had testified in the case.

■ In view of this, it is manifest that the only remedy which plaintiff might be afforded in order to recoup for a shortage in measurement of the timber obtained from

1. See also Ranger Land Co. v. Aetna Casualty & Surety Co., 224 La. 153, 68 So.2d 907 and authorities there cited.

the cutting operations is that provided by Article 2494 of the Civil Code. The action cannot be regarded (as counsel for plaintiff now contend) as one for restitution of part of the purchase price because of eviction from part of the property sold, but only as a demand for diminution of the price because of deficiency in measure. See Landeche Bros. Co. v. Levert, 179 La. 1050, 155 So. 771. We say that plaintiff might have a remedy under Article 2494 because it would not be unseemly to regard the conveyance herein to be in the same category as a sale per aversionem and therefore governed by Article 2495 of the Civil Code providing that "There can be neither increase nor diminution of price on account of disagreement in measure, when the object is designated by the adjoining tenements, and sold from boundary to boundary".

However, conceding that plaintiff's case falls under Article 2494 (a view most favorable to its position), we are constrained to hold that its suit is barred by Article 2498.

▇ Article 2494, which deals with situations not covered by Articles 2491, 2492 and 2493,[2] states:

"In all other cases, whether the sale be of a certain and limited body, or of distinct and separate objects, whether it first set forth the measure, or the designation of the object, followed by its measure, the expression of the measure gives no room to any supplement of price, in favor of the seller, for the overplus of the measure; neither can the purchaser claim a diminution of the price on a deficiency of the measure, unless the real measure comes short of that expressed in the contract, by one-twentieth part, regard being had to the totality of the object sold; provided there be no stipulation to the contrary".

But the remedy granted by this Article must be exercised within one year from the day of the contract, as provided by Article 2498, and this requirement has been regarded as a peremption applying to all persons, even those under disability. Sewell v. Willcox, 5 Rob. 83 and Ashbey v. Ashbey, 41 La.Ann. 102, 5 So.2d 539.

Counsel for plaintiff maintain that the peremption provided by Article 2498 has not accrued because of the provision in the deed allowing plaintiff until December 31, 1953 within which to cut and remove the

2. Article 2491 of the Code imposes upon the seller the obligation to deliver the full extent of the premises specified in the contract under the modifications thereafter expressed. Article 2492 declares that, if the sale is at the rate of so much per measure, the seller is obliged to deliver the quantity mentioned in the contract or suffer a diminution proportionate to the price. And Article 2493 provides that, if the measure is greater than that specified in the contract, the buyer has the right to either supplement the price or recede from the contract if the overplus is more than one-twentieth of the extent which is covenanted.

conveyed timber. They take the position that this grant operates to suspend the running of prescription until that date or at least until all of the timber had been cut and removed (June, 1953), as it was impossible to ascertain, prior to removal, whether the measure of the timber conformed to that stated in the contract.

This contention would be forceful if this were the sale of a specified number of feet of timber to be taken from particularly described lands, or if the passage of title and delivery of the timber had been conditioned on the number of feet of timber to be obtained from defendants' land. But the contract herein cannot be thus viewed; it evidences a sale by defendants of all of their growing timber on a certain described tract of land, to which title passed, and plaintiff given access for purposes of removal, on the day the deed was signed.

Article 2459 of the LSA–Civil Code provides that "if * * * objects, have been sold in a lump, the sale is perfect, though these objects may not have been weighed, counted or measured." And Article 1920 states that "The rule that the obligation to deliver a determinate object is perfect by the mere consent of the parties, * * *

is without any exception as respects immovables, not only between the parties, but as to all the world * * *".

Accordingly, the sale in this case was complete upon signing of the deed (see Smith v. Huie–Hodge Lumber Co., 123 La. 959, 49 So. 655) and the fact that plaintiff was given until December 31, 1953 to remove the timber from the land cannot be viewed as a condition which had the effect of suspending the running of the peremption. Article 2498 was written into and became part of the contract and therefore it was entirely up to plaintiff, if it doubted the accuracy of the measure stated in the sale, to have removed the timber in adequate time to bring its suit within the period prescribed therein. Indeed, since it is alleged that plaintiff completed the removal and ascertained that there was a shortage in June, 1953, it appears that it could have brought the suit before the accrual of the peremption but failed so to do.

Industrious counsel for plaintiff have sought to buttress their stand with lengthy translations quoted from the writings of French Commentators[3] dealing with the application of Article 1622 of the Code Napoleon, which is comparable to Article 2498

3. X Planiol et Ripert, Traité Pratique de Droit Civil Français (1932), No. 256, pp. 279, et seq.; Aubry et Rau, Cours de Droit Français (1907), Section 354, pp. 74, et seq.; 10 Huc, Commentaire du Code Civil (1897) No. 99, p. 134; Troplong, Le Droit Civil Expliqué, De La Vente, Vol. 1, Nos. 348, et seq., pp. 449 (5th Ed.1856); Guillouard, Traités de la Vente & de L'échange, (2nd Ed. 1890) No. 281, pp. 301, et seq. and XIX Baudry-Lacantinerie et Saignat, Traité Théorique et Pratique de Droit Civil, (3rd Ed.1908) De la Vente, Nos. 340, et seq. p. 338, et seq.

óf our Civil Code. The usefulness · of these · authorities is considerably limited by the fact that, unlike Louisiana, the sale of standing timber for cutting and removal is regarded in France as the sale of a movable. But, be this as it may, as applied to sales of land, the views of the French authors are simply that it is permissible for the parties to a contract for the sale of an immovable to establish by their convention a date from which the one year peremption of Article 2498, art. 1622 of the Code Napoleon, is to be counted and that, where the parties have fixed such a date for the taking of measurements, the one year will not begin to run until then.

We do not doubt the validity of these opinions and, if the parties in this case had stipulated that the peremption provided by Article 2498 was not to start until plaintiff had cut and removed the timber or until a specified time from the date of the contract, a different proposition would have been presented. However, as stated above, the contract does not so provide and the stipulation contained therein, giving plaintiff until December 31st 1953 within which to remove the timber, cannot be transformed into an agreement to delay the commencement of prescription.

The judgment is affirmed.

HAMITER, J., concurs in the decree.

HAWTHORNE, J., absent.