89 So.2d 153

**J. Clyde WILLIAMS**

v.

**L. M. RAY.**

No. 42349.

June 11, 1956.

Oliver & Oliver, Monroe, for plaintiff-appellant.

Thompson, Thompson & Sparks, Monroe, for defendant-appellee.

FOURNET, Chief Justice.

This is an appeal from a judgment of the District Court dismissing plaintiff's suit to recover the sum of $2,711.25, the alleged balance due on the purchase price of certain land in addition to the price stated in the deed, the Court having maintained the defendant's plea of prescription of one year based on Article 2498 of the LSA–Civil Code of Louisiana.

The petition and documents in the record disclose that on September 16, 1952, the plaintiff, J. Clyde Williams, sold to the defendant, L. M. Ray, certain described land

in Ouachita Parish [1] containing "114 acres, more or less," for a recited consideration of $25,650, to be satisfied partly by a cash payment and partly by assumption of half of the principal balance due on a mortgage affecting the property. A supplementary agreement as to the sale was incorporated in a letter, also dated September 16, 1952, addressed by the plaintiff to the defendant, the terms of which were accepted by the defendant,[2] stating: "With reference to the sale made this day by me to you of 114 acres of land forming a part of the Bob Harmon Farm in Ouachita Parish, situated in Section 6, Township 16 North, Range 4 East, and Section 1, Township 16 North, Range 3 East, it is agreed that the sale price is $225 per acre. It is further agreed that you have paid me on the basis of the land described in said deed containing 114 acres, and upon your obtaining at your expense by a competent surveyor, a survey of said land, I hereby agree to refund to you the full sum of $225 per acre for any shortage in the number of acres of land sold to you. Should said survey disclose that more than 114 acres of land is contained in the tract sold to you, then in that event you are to pay me $225 in cash for each acre of land in excess of 114 acres."

The survey which the defendant caused to be made disclosed the property conveyed by the deed contained 126.05 acres, whereupon the plaintiff claimed a balance due on the cash consideration of $2,711.25. Alleging amicable demand without avail, plaintiff instituted this suit on June 29, 1954.

The defendant's plea of prescription hinges on the applicability of various articles of the LSA–Civil Code, Articles 2492–2497, which give a right to claim increase or diminution of the price of an immovable in instances where the sale is made at a rate of so much per measure and the extent of the premises is subsequently found to be either more or less than the quantity recited in the contract. Treating the letter of September 16, 1952, as an amendment to the deed of that date so as to make the sale

1. The description contained in the deed follows:

"West ½ of West ½ of Northeast ¼, Section 6, Township 16 North, Range 4 east.

"North 1320 feet of Northwest ¼, Section 6, T. 16 N, R 4 E lying East of the West right of way line of U. S. Highway 165; also all that portion of the Northeast ¼ of Section 1 lying East of the West right of way line of U. S. Highway 165 which lies North of a line running East and West, which is 1320 feet South of the North line of Section 6, when said line East and West is projected at right angles from West line of Section 6 to the West right of way line of Highway 165; all the foregoing land in Section 1 being situated in Township 16 North, Range 3 East.

"The above and foregoing land contains 114 acres, more or less."

2. Defendant's acceptance is evidenced by his signature below the words "accepted by" on the face of the letter.

in this case one of 114 acres at $225 per acre, the defendant labeled the plaintiff's suit "an action * * * for the supplement in price of a tract of land" based on an alleged additional quantity "over and above that specified in the deed and contract of sale," and pointing out that suit was not filed until more than 1 year from the date of the contract of sale, cited as controlling here the provisions of Article 2498 of the LSA–Civil Code, declaring: "The action for supplement of the price on the part of the seller, and that for diminution of the price or for the canceling of the contract on the part of the buyer, must be brought within one year from the day of the contract, otherwise it is barred."

The plaintiff-appellant, on the other hand, contends that Article 2498 and the articles to which its provisions apply are concerned with warranty of measure and relate to error or inaccuracies as to area, but are not applicable where the number of acres will be determined by subsequent survey according to agreement between the parties; and that an action for the purchase price, such as this, is a personal action which is prescribed in 10 years, under Article 3544 of the Code.[3]

The articles of the Civil Code sought to be applied by the defendant are found in the portion delineating the obligations of the seller, one being "that of delivering

* * * the thing which he sells", Article 2475; and while "The seller is bound to deliver the full extent of the premises, as specified in the contract, * * *", Article 2491—an obligation which gives rise to the action for supplement of the price or diminution thereof, as mentioned above—it is clear that those articles apply to instances where, through error, an incorrect price is agreed upon, having been arrived at by calculation on an inaccurate measure, i. e., a larger or a smaller area than is actually delivered. It is equally clear that those articles are not to be applied where the parties, being aware that they do not know the exact measurement of the area which is the subject of the contract, agree to a price per acre and also to a tentative consideration, the final settlement between them to be calculated with exactness following a survey of the total area when the correct measure will be disclosed.

Not only is such an analysis dictated by logic and reason, but in the articles to which we have referred the thought is tacitly comprised, and sometimes actually expressed, that the parties are free to contract even as to matters therein covered and that those provisions, in proper cases, are to control provided there be no stipulation to the contrary. We are sustained in this view by statements of the French commentators, since our law on the subject

---

3. Article 3544, LSA–Civil Code, declares: "In general, all personal actions, except those before enumerated, are prescribed by ten years."

was taken from articles of the Code Napoleon. Corresponding provisions of that body of law (Code Napoleon, Articles 1617–1622) were adopted and incorporated practically verbatim in the Louisiana Civil Code of 1808 and now appear, in English translation, as Articles 2492–2494 and 2496–2498 of the LSA–Civil Code, and French writers of an earlier period as well as those of an intermediate era and compilers of more recent treatises—offering a modern approach combined with an historical background—recognize that the one-year delay for the bringing of suit for supplement or diminution of the price is applicable to actions which have their origin in an error in the declared content of the property, and, moreover, that the parties are free to make their own agreement.[4] Particularly appropriate here is a ruling of the Court of Cassation on May 31, 1853, in a case wherein it was held (as reported in 60–61 Journal du Palais, Jurisprudence Française, 1853, t. 2, p. 513; also D., 53.1.189; S., 53.-1.693) that when a sale has been made at so much per measure, with provisional fixing of an approximate price, the said price to be later determined in an exact manner by measurement, the demand of the seller based on that measurement constitutes a suit having for its object the execution of the contract, i. e., an ordinary action, and not one for supplement of the price, subject to the prescription of one year under Code Napoleon, Article 1622.

The case of Marinovich's Estate v. Jones, 141 La. 397, 75 So. 93, 94, on which the appellee relies and on which the trial judge rested his decision, concerned a fractual situation differing in several pertinent respects from that presented in the instant case, and the rule therein stated is not apposite here.[5]

4. 1 Zachariae, Cours de Droit Civil Français (2 éd. 1842) 400, no 354; 16 Marcadé, Explication Théorique et Pratique du Code Napoléon (5 éd. 1859) 249–250, no 1623, III; 10 Huc, Commentaire Théorique et Pratique du Code Civil (1897) 133–134, no 99; Bandry-Lacantinerie et Saignat, Traité Théorique et Pratique de Droit Civil (2 éd. 1900), "De la vente et de l'échange," 281, no 341; 5 Aubry et Rau, Cours de Droit Civil Français (5 éd. 1907) 74–75, "De la vente," no 354; 2 Traité Elémentaire de Droit Civil de Planiol, par Ripert et Boulanger (4 éd. 1952) 779, no 2454; 2 Colin et Capitant, Cours Elémentaire de Droit Civil Français (10 éd. 1953) 612, no 916.

5. That case concerned a purchase by Mrs. Marinovich of a tract of land (according to the recitations in the deed) "known as the Lattier Place, containing 391.77 acres, said plantation being made up" of three adjoining tracts described separately as containing specified acreage—there being no indication, as observed by this Court in its opinion, "that the land was sold at a certain price per acre." Following the death of Mrs. Marinovich some 14 years later and the offering of the property for sale to settle the debts of her succession, it was adjudicated to one Cohn, who caused a survey to be made which revealed that the area of the Lattier Place, although advertised in the succession sale as containing 391.77 acres, in fact contained only 263.30. The ad-

For the reasons assigned, the judgment of the lower court is annulled and set aside; the plea of prescription is overruled and the case is remanded for further proceedings according to law; the costs of this appeal to be borne by the appellee, all other costs to await the final determination of the case.

judicatee having been released from his bid by order of court, and the executors ordered to readvertise the property, giving its true area, the sale which followed brought a lesser price. The executors then proceeded against the vendor to Mrs. Marinovich (Matthew Jones) for the loss of value of 128.47 acres at $30 per acre, alleging his failure to deliver the quantity of land recited in the deed rendered him liable in warranty. This Court, presented with the opposing contentions that the action was (a) one for reimbursement of a part of the purchase price on account of eviction from a portion of the land, or (b) one for diminution of the price on account of a deficiency in the area of the land described in the deed (the defendant's position), decided it was the latter, and therefore had prescribed under the terms of Article 2498, LSA–Civil Code.