LOTTINGER, Judge.
This is a suit on a promissory note. The Lower Court awarded judgment in favor of petitioner on the said note, and the defendant has taken this appeal.
The record discloses that the petitioner filed suit on a promissory note executed by defendant, on which there was an alleged balance due of $583.63. Defendant filed answer admitting the execution of the note and that there is a balance ■ due' on same, however, he denies liability on said "note, and reconvenes alleging that the note was gi^en in partial payment of a certain’ lot of ground which he had purchased .from petitioner, and claims that there was a shortage of property in excess of one-twentieth of the amount purchased, and, for that reason asks for diminution of price and damages, and, in the alternative, for a rescission of the sale. It appears that although the note was given for partial payment of the purchase price of a lot of ground, no mortgage was taken as security for the note.
The petitioner then called in warranty G & P Enterprises, Inc., the party who had sold the lot in question to petitioner. To this call in warranty, the warrantor filed an exception of one year prescription based on Article 2498 of the LSA-Civil Code. The petitioner then filed an exception of no right or cause of action to the reconventional demand of defendant.
After hearing argument on the exceptions, the Lower Court sustained the plea of prescription filed by the warrantor and sustained the exception of no right or cause of action filed by petitioner. Applications for rehearing were denied.
The defendant then filed a supplemental answer wherein he reconvenes alleging eviction from part of the lot in question and for damages. Petitioner again called G & P Enterprises, Inc. in warranty, and again filed an exception of no right or cause of action. The warrantor filed another exception of prescription as to the supplemental reconventional demand by defendant. After argument of counsel, the call in warranty was dismissed and the pleas of prescription and exception of no right or cause of action were sustained, and the reconventional demand of defendant was dismissed. The Court then awarded judgment in favor of petitioner and against defendant on the note. Plaintiff and defendant have appealed.
The defendant takes this appeal alleging that he was aggrieved by the judgments of the Lower Court in that the Lower Court erred in applying the prescription of one year as applied by Article '2498 of the LSA-Civil Code, that the Court erred in failing to permit defendant to *455 prove the facts necessary to a proper determination of the issues of the case, and that the Court erred in failing to consider defendant’s evidence as a matter of defense under the “sword and shield” doctrine.
 The record contains no evidence or transcript of testimony which would show that any evidence was adduced in this matter. The minutes of the Court disclose that the rulings by the Lower Court were granted only upon the argument of counsel and their memoranda of authorities. It appears to us that evidence or testimony is required in this matter so that the Court may correctly decide whether the reconventional demand by defendant is based upon an eviction or a shortage. If it is a suit for a shortage, it appears that the one-year prescription as set forth in Article 2498 of the LSA-Civil Code would apply. However, even considering that the matter is for a shortage, or diminution of price, as prescribed under said Codal Article, it appears to us that the defendant would be protected under the “Sword and Shield Doctrine” as set forth in Article 20 of the Louisiana Code of Practice, and as applied in Succession of Parkerson, 141 La. 511, 75 So. 225; Davis v. Millaudon, 14 La.Ann. 868; Dileo v. Dileo, 217 La. 103, 46 So.2d 53; and Capella v. Taulli et al., La.App., 53 So.2d 271. The Davis v. Millaudon case is almost identical to the case at bar. However, should the evidence disclose that the defendant’s re-conventional demand is based upon an eviction, as is alleged in his supplemental answer, then it would appear that the prescription of one year would not apply. Selby v. Williams, 19 La.App. 845, 140 So. 144. We believe therefore that the recon-ventional demand does state a cause of action and that it is imperative that sufficient evidence be adduced to determine whether the reconventional demand by defendant is one for diminution of purchase price, or for eviction and for a proper determination of the issues involved herein as well as for the call in warranty. In order to make such de-termmation, it will be necessary that the judgments of the Lower Court be reversed and that this matter be remanded to the Lower Court for further proceedings in accordance with law.
For the reasons hereinabove assigned, the judgments of the Lower Court are reversed, and this suit is remanded to the Lower Court' for further proceedings, all costs of this appeal to be paid by petitioner.
Reversed and remanded.