## SUPREME COURT

### OF THE

## STATE OF LOUISIANA.

EASTERN DISTRICT, JANUARY TERM, 1828.

Eastern Dist.
*January,* 1828

JOHNSTON vs. BELL & AL.

A sale by order of the court of probates does not extinguish the mortgage of the vendor of the deceased.

The vendee who does not give his vendor notice of the claim of a third person on the land, does not thereby lose his recourse.

APPEAL from the court of the fourth district.

MARTIN, J. delivered the opinion of the court. The plaintiff states that Seth Jones purchased from the defendants, a tract of land, which they had bought from Blake, and which the plaintiff, after the death of Seth Jones, purchased at the sale of his estate; that Blake having failed to pay the price of the land, his vendors had it seized in the hands of the plaintiff. It was accordingly sold and he purchased it; that the plaintiff has an action against the defendants, the heirs of their ancestor's verdict to recover

the price he paid for the land, deducting the balance paid back to the plaintiff, and the amount of the improvements, and they have transferred their claim to the plaintiff, and authorised him to sell in his own name, and to their use.

The answer urges, that the petition ought to be dismissed, because it does not show what persons are the heirs, in whose name the plaintiff sues. The general issue was pleaded, and the authority to sue in the name of the heirs denied. The defendants denied they had any notice of the claim of Blake's vendors, and averred they might have resisted it. They alleged that the sale of the court of probates extinguished the mortgage of Blake's vendors, and the purchase by the plaintiff was fraudulent and collusive.

He had judgment & the defendants appealed.

The appellee complains of error to his disadvantage, and prays that the judgment be amended by allowing him a greater sum in damages.

The alleged defect in the petition appears to have been obviated by a supplemental one, filed with leave of the court, in which the heirs are named.

The statement of facts shows that the premises were sold, as stated in the petition, by Blake to the defendants, who sold to Seth Jones, at the sale of whose estate, the plaintiff purchased the premises. The land has been sold to satisfy the claim of Blake's vendors.

The authority of the plaintiff to sue in the name of the heirs is proven, and the judgment of the district court is for the sum paid by the plaintiff, with interest and costs.

It is true he neglected to give notice to the defendants of the claim of Blake's vendors. By doing so he did not lose his recourse, but left the defendants at liberty to show they could have refuted the claim. This they have not shown.

The plaintiff purchased by an apparent vendee; never was out of possession, and paid nothing but what Blake owed to his vendors, There is neither fraud nor collusion in this; but he is to be considered as the direct and immediate purchaser.

The sale of the court of probates could not extinguish the mortgage of Blake's vendors.

There has been no actual eviction. But the plaintiff has recovered a sum of money, by which recovery he is completely indemnified for this, and he has shown no other damage.

*Porter* for the plaintiffs, *Morse* for the defendants.