(100 South. 395)

No. 26134.

## S. T. ALCUS & CO., Inc., v. VIZARD IMPROVEMENT CO.

(April 30, 1924.)

*(Syllabus by Editorial Staff.)*

Limitation of actions ☞36(3)—Prescription; action to recover back purchase price of part of land held not barred by prescription of particular statute.

Purchaser's suit to recover purchase price of portion of land to which seller did not have title and for taxes paid *held* not grounded on Civ. Code, arts. 2491 and 2492, to which prescription of article 2498 applies. but on articles 2501 and 2506, recognizing right of evicted buyer to claim restitution, seller's admission that it did not own part of premises being tantamount to partial eviction, and further admission as to value of land placing action within article 2514, giving right to partial cancellation.

Appeal from Civil District Court, Parish of Orleans; Porter Parker, Judge.

Suit by S. T. Alcus & Co., Inc., against the Vizard Improvement Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Thos. M. Burns, of Covington, and D. B. H. Chaffe, of New Orleans, for appellant.

Merrick & Schwarz and W. J. Guste, all of New Orleans, for appellee.

By Division B, composed of DAWKINS, LAND, and LECHE, JJ.

LECHE, J. Plaintiff bought from defendant a large quantity of land aggregating 12,904.81 acres, situated in the parish of St. Tammany. The land thus acquired is composed of numerous and distinct tracts which are separately described in the act of sale, according to plats and surveys originally made by the United States government. The acreage, as well as the vendor's author in title of each tract, is given separately, and the consideration is stated in a lump sum to be $180,667.34.

Among the tracts described in the act of sale are the S. W. ¼ and the fractional E. ½ and the fractional N. W ¼ of Sec. 25, T. 6, R. 14, containing 400 acres, which admittedly did not belong to the defendant when it sold to plaintiff. The present suit was then instituted by plaintiff to recover from defendant so much of the purchase price as was paid by it to the defendant for the said 400 acres.

There is in the record an admission that plaintiff paid taxes as set out in its petition, and, if entitled to recover, that plaintiff

should recover interest at 5 per cent. on said taxes from judicial demand, and should recover 6 per cent. interest from judicial demand on the purchase price of $5,600.

The trial court rendered judgment in favor of plaintiff as prayed for, in the sums fixed in the foregoing admission, and defendant has appealed.

The suit was filed March 26, 1921, the act of sale was passed November 24, 1917, and the defense is the plea of prescription of one year as provided in article 2498 of the Civil Code.

The article of the Code (2498), upon which defendant relies, reads as follows:

"The action for supplement of the price on the part of the seller, and that for diminution of the price or for the canceling of the contract on the part of the buyer, must be brought within one year from the day of the contract, otherwise it is barred."

That article is found in section 1, chapter 6, title 7, of the Code, which treats of the tradition or delivery of the thing sold. It relates particularly to the action authorized by articles 2491 and 2492 in favor of the buyer, where the seller has failed to deliver the full extent of the premises sold, and to that authorized by article 2493 in favor of the seller, where the measurement exceeds one-twentieth part in extent of the premises specified in the contract.

There is no question in the present suit that the seller has failed to deliver the full extent of the premises or less than the measurement specified in the contract, but the fact is that the seller has delivered a particular and designated tract of land of which it admits it was not the owner. The action of plaintiff is therefore not grounded upon the articles 2491 and 2492 of the Code, to which the prescription of article 2498 applies, but it is founded on articles 2501 and 2506, which recognize the right of the buyer who is evicted either from the whole or from

a part of the thing sold to claim restitution of the price. The admission of the defendant, seller, that it did not own that part of the premises in suit is tantamount to a partial eviction, and the further admission that the part from which plaintiff, buyer, has been evicted is worth $5,600 places the action within the purview of article 2514, which gives the buyer the right to a partial cancellation of the contract, and the right to recover the value of the part from which he has been evicted. Whether such an action is prescriptible, and what prescription, if any, should apply, is not at issue in this case.

The question herein presented for decision has already been passed upon by this court in the case of Robbins v. Martin, 43 La. Ann. 488, 9 South. 108, and was decided adversely to the contention of defendant.

It is therefore ordered that the judgment herein rendered by the district court be affirmed.