No. ——

First Circuit

——

GREENFIELD BOX COMPANY v. INDEPENDENCE VENEER AND BOX MFG. CO., LTD.

——

(June 26, 1926, Opinion and Decree.)

——

(*Syllabus by the Editor.*)

1. **Louisiana Digest—Quasi Contracts— Par. 1, 18.**

A payment, through error, for a shipment of merchandise which checked short on delivery is, in view of Article 2294 of the Civil Code, a quasi contract.

2. **Louisiana Digest—Error and Mistake— Par. 17.**

Under Article 2301 of the Civil Code and Article 18 of the Code of Practice it is the duty of one who has been paid through error to restore it.

3. **Louisiana Digest — Prescription — Par 106.**

Actions which arise from quasi contracts are prescribed only in ten years.

Appeal from the Parish of Tangipahoa, Hon. Columbus Reid, Judge.

Action by Greenfield Box Company against Independence Veneer and Box Manufacturing Company, Ltd. There was judgment for defendant and plaintiff appealed.

Judgment reversed.

Rownd and Warner, of Hammond, attorneys for plaintiff, appellant.

S. S. Reid, of Amite, attorney for defendant, appellee.

MOUTON, J. Defendant bought a carload of quart crates, containing 3900 complete crates in which cups were included. Plaintiff bought these crates from defend-

ant company over the telephone at the rate of 40 cents per crate. By order from defendant, the shipment was diverted to Greenfield, Tennessee, the domicile of plaintiff company, but through error was shipped instead to Anderson, Missouri. A delay of about two weeks occurred before they reached Greenfield, Tennessee, their point of destination. Plaintiff company refused at first, on account of this delay, to accept delivery of the crates. Finally, plaintiff accepted the shipment, paid for the crates at 40 cents per crate, including the cups being the price at which it had made the purchase from defendant company.

The car containing the crates remained only a day or two on the railroad track at Greenfield, Tennessee, before it was unloaded. The seals on the car were broken by Holder, manager of plaintiff, who, with two assistants, counted the number of crates in the car, and the number of cups. They found a shortage in cups of 83,600. These cups, as were shown by the record, were worth $8.75 per thousand, aggregating in value the sum of $731.50. Plaintiff had paid that amount to defendant for the cups in its purchase of the crates in which they were thought to be included, and brings this suit against defendant for this shortage in the cups.

Plaintiff paid the drafts for the crates, June 17, 1920. This action was instituted more than a year and a half after plaintiff had discovered this shortage. Defendant company claiming that the demand of the plaintiff is in the nature of a suit quanti minoris, pleads the prescription of one year in bar of the action. The district judge rendered judgment simply rejecting the demand, and there is nothing to indicate on what grounds the suit was dismissed.

We will, however, pass on the plea of

prescription and on the merits of the claim.

Defendant, in support of the plea of prescription, says that this is an action for the reduction of the purchase price and prescribed in one year under Article 2498, Civil Code. This article applies to suits for the diminution of the purchase price on account of shortage in a contract of sale of lands or immovables, where a deficiency occurs in the measure or acreage of the property sold. He who receives what is not due to him, whether he receives it through error or knowingly, obliges himself to restore it to him from whom he has unduly received it. C. C., 2301.

The 83,600 cups which upon investigation were found at Greenfield, Tennessee, not to have been in the carload of crates that had been sold by defendant company to plaintiff, had formed part of that sale. Defendant, in getting from plaintiff the full amount of the sale, received $731.50 for these 83,600 cups which were not in the carload of crates.

The evidence shows that defendant did not receive that amount as part of the purchase price with knowledge at the time that this shortage existed in the property it thought it had sold, and evidently intended to deliver. There is no question, however, that it received this amount of $731.50 for these cups. It is through error that it received that amount, which was certainly not due defendant company, and it is therefore bound under the provisions of Article 2301 of the Civil Code and C. P., Article 18, to pay or restore that sum to plaintiff.

The payment by plaintiff was clearly "of a thing not due". The action to recover this amount does not spring from any agreement but is imposed by law by virtue of a quasi contract. C. C., 2294. Actions which arise from quasi contracts are prescribed only in ten years. Gaty, McCune & Co. vs. Babers, 32 La. Ann. 1091; Garland vs. Estate of Scott, 15 La. Ann. 143; Police Jury vs. Succession of McDonogh, 10 La. Ann. 395.

The prescription of one year urged by defendant is not applicable to such actions. As we have hereinabove explained, plaintiff has clearly shown that it has paid the sum of $731.50 to defendant through error which it is entitled to recover from defendant, with legal interest from June 17, 1920, the date of payment for the carload of crates.

It is therefore ordered, adjudged and decreed that the judgment be avoided, annulled and reversed; that plaintiff have judgment against defendant company for the sum of seven hundred and thirty-one and 50-100 ($731.50) dollars with legal interest from the 17th day of June, 1920, until paid and that defendant pay all costs of court.