ROGERS, J.
 

 In May or June, 1920, the defendant company purchased from the Ship Island Lumber Company, of Sanford, Miss., a certain carload of strawberry crates, said to contain 3,900 complete crates. At the time of the purchase the car was in transit. Subsequently, the plaintiff company purchased the crates from the defendant company, and an order was issued to the railroad company to divert the car to the purchaser at Greenfield, Tenn. Through error, the ear was sent to Anderson, Mo. This resulted in a delay of about two weeks before the shipment reached Greenfield." The plaintiff company refused, at first, to accept delivery, but, after some correspondence, finally did so, paying the draft which was attached' to the bill of lading. A few days thereafter, the manager of the plaintiff company broke the seals of the car, and, with two assistants, checked its contents. It was then discovered that the shipment was short 53,600 cups. These cups were valued at $8.75 per thousand, or, in the aggregate, at $731.50, for the reimbursement of which amount the plaintiff company promptly made demand upon the defendant company. The claim was refused. This suit was instituted to recover the amount of the shortage ‘more than a year and a half after it had been discovered by the plaintiff.
 

 Defendant denied any shortage or any knowledge thereof, if there was a shortage, and also pleaded the prescription of one year.
 

 The district court rejected plaintiff’s demand. This was reversed by 1 he Court of Appeal, which rendered judgment as prayed for. The case is now before us for review.
 

 The record does not disclose upon what ground the district court rejected plaintiff’s demand. The Court of Appeal, however, passed upon the plea of prescription as well as upon tbe merits. In both of those courts defendant contended that this was an action quanti minoris, and that it was prescribed in one year under Civ. Code, art. 2498. The Court of Appeal refused to sustain the contention. It explained, in its opinion, that the Codal article applies only to a contract of sale of lands or immovables where a deficiency occurs in the measure or acreage of the property sold. It held that the action was for, the repetition of money paid through error under Civ. Code, art. 2294, and Code Prac. art. 18, and that, as it did not arise from an agreement but from a quasi contract,' it was prescribed only in ten years.
 

 In this court the contention .is renewed on behalf of defendant that this is nothing more than an action quanti minoris which is prescribed in one year. No case is cited in support of the contention. The argument advanced for that purpose, however, is that, inasmuch as Civ. Code, art. 2498, _ appears in section 1, c. 6, tit. 7, which title is headed “Of sale,” it necessarily applies to all sales, since by its own terms it is not restricted to the sale of immovables. This argument is unsound.
 

 The article of the Code relied on by the defendant is one of a number of interrelated articles beginning with article 2491 and ending with article 2499 referring exclusively to real estate. Thus, article 2491 provides that the seller’s obligation in the case of the sale of an immovable is “to deliver
 
 the full extent of the premises,
 
 as specified in the con
 
 *89
 
 tract,
 
 under the modifications hereinafter ex
 
 pressed.” (Writer’s italics.) These modifications are: Article 2492, providing for a case where the premises sold-include less than the quantity stipulated; article 2493, providing for a case where the premises include more than the quantity stipulated; article 2494, declaring that the difference between the stated and the actual” measurement of the object sold is immaterial if there is an overplus of the measure or if the deficiency of the measure is less than one-twentieth part of the totality of the object sold; article 2495, covering a ease where the sale is by boundaries; article 2496, granting the seller a right to demand an additional price for the surplus of the measure; article 2497, requiring the vendor to return not only the price, if received, but also the expenses occasioned by the contract,' in case the purchaser elects to recede therefrom; article 2498, establishing the prescription of one year against actions for the supplement or for the diminution of the price; and article 2499, covering a case where two pieces of ground are sold by the same contract and there be found a less quantity in one and a larger one in the other.
 

 There is no dispute about the short1 age of the cups and the price paid therefor. Since plaintiff paid, and defendant received payment, for the missing cups, without knowledge of the existence of the shortage, it is clear that said payment was made and received in error and that the obligation rests upon the defendant to restore that which it has unduly received. Civ. Code, arts. 2301, 2302, and 2304. The obligation carries with it a right of action in favor of the person to whom it is due to enforce it. Civ. Code, art. 2133; Code Prac. art. 18. This action does not arise out of a contract, but out of a quasi contract, and it is prescribed only in ten years. Civ. Code, arts. 2293, 2294; Hennessey v. Stempel, 52 La. Ann. 449, 26 So. 1004; Gaty, McCune & Co. v. Babers, 32 La. Ann. 1091; Garland v. Scott, 15 La. Ann. 143; Police Jury v. Succession of McDonogh, 10 La. Ann. 395.
 

 Relator suggests that the demand should be rejected because of laches on the part of the plaintiff. This defense was not made in the answer. The record shows, however, that while suit was not filed until more than a year and a half had elapsed after the payment of the draft by the plaintiff, the demand for reimbursement was made immediately upon the discovery of the shortage. In these circumstances, we fail to understand how the delay in the institution of plaintiff’s suit has worked any injury or'prejudice to the defendant such as would be required to sustain the defense of laches, even if such doctrine, which is peculiar to courts of equity, can be applied in a jurisdiction like ours, where such courts are unknown, which we are not prepared to hold, so that a mere lapse of time short of the prescriptive period can defeat a remedy given by law to enforce a purely legal right.
 

 For the reasons assigned, the rule nisi herein issued is recalled, and the judgment of the Court of Appeal is affirmed, at the cost of the relator. ,