## MANGET BROS. CO. v. PAGE.
### No. 5671.

Court of Appeal of Louisiana. Second Circuit.

June 30, 1938.

Rehearing Denied July 15, 1938.
Certiorari Denied Aug. 5, 1938.

Arthur C. Watson, of Natchitoches, for appellant.

John G. Gibbs, of Natchitoches, for appellee.

DREW, Judge.

This is a suit seeking to recover $221.63, alleged to be the balance due by defendant on a cotton transaction. Plaintiff alleged that on September 22, 1934, defendant sold to it 100 bales of cotton on "seller's call"; that prior to the execution of the sale, the cotton was examined and its staple and grade determined; that it was agreed at the time that the cotton was of a value of one-fourth of one cent per pound over the price of .1268 per pound, as shown by quotations on the New York Cotton Exchange for December delivery 1934. The seller reserved the right to fix the price as of any future date he desired, as well as to change the fixing date to other future dates.

The cotton was sold with sight draft and bill of lading attached. Defendant, by draft on plaintiff, was paid the agreed price less an amount of $5 per bale, which was left with plaintiff as margin, which is the custom in all such transactions.

On November 20, 1934, at defendant's request, plaintiff transferred the selling price from December 1934 to May 1935. Due to fluctuations in the price, defendant's margin was consumed and he was called upon for additional margin, which he sent to plaintiff in the amount of $300. This amount having been consumed by a drop in the price of cotton, plaintiff again called on defendant for additional margin, but which he did not send. Instead, it is alleged, defendant verbally authorized plaintiff's agent to send the following wire: "Fix price Page & Davenport opening tomorrow letter follows."

In accordance with said instructions, the price was fixed. The difference between this fixed price and the amount paid defendant by plaintiff is what plaintiff is now suing for.

Defendant interposed an exception of no cause or right of action, and also pleaded the prescription of one year, under Article 2498 of the Revised Civil Code. He also pleaded estoppel, based upon the following

140

allegations. "Whatever the transaction was, it was handled entirely and exclusively by the plaintiff. They used their own judgment and received no instructions whatever from the defendant; and furthermore, the plaintiff, after inveigling defendant out of $500.00 at one time and $300.00 at another, had no intention of accepting any suggestions or instructions from the defendant, but handled the entire transaction thereafter arbitrarily and in a detrimental manner to defendant to the extent of $800.00, and the petition discloses plaintiff's faulty judgment; and if they have sustained any loss, which is denied, they have no legal right to complain and are in fact estopped from claiming any loss."

All of said exceptions and pleas were tried upon the face of the pleadings. The lower court did not pass on the exception of no cause or right of action. It overruled the plea of estoppel, sustained the plea of prescription and dismissed plaintiff's suit. Plaintiff is prosecuting this appeal.

In answer to the appeal, defendant prays that we pass upon all of the exceptions. The exception of no cause or right of action is based upon the theory that the transaction alleged was a gambling one and a game of chance, the enforcement of which is prohibited by Article 2983 of the Revised Civil Code.

■ A case similar in all respects to the one at bar is Baucum & Kimball v. Garrett Mercantile Company, 188 La. 728, 178 So. 256, in which the Supreme Court held adversely to defendant's contention here. The exception of no cause and right of action is therefore overruled.

■ There is no merit to the plea of estoppel. The pleadings and documents attached thereto do not bear out the facts or conclusions alleged as reasons for the plea of estoppel. The lower court correctly overruled the plea.

This brings us to the plea of prescription of one year. Defendant contends that Article 2498 of the Revised Civil Code is applicable. It provides as follows:

"The action for supplement of the price on the part of the seller, and that for diminution of the price or for the canceling of the contract on the part of the buyer, must be brought within one year from the day of the contract, otherwise it is barred."

■ We are of the opinion this article is not applicable to the case at bar. It relates only to actions for a supplement of price by the seller, or for its diminution, or canceling of a contract by the buyer where an increase or reduction can be claimed for excess or deficiency of measure. Sewell v. Willcox, 5 Rob. 83. And it has been held numerous times that this article applies only in a contract of sale of lands or immovables where a deficiency or excess occurs in the measure or acreage of the property sold. Greenfield Box Company v. Independence Veneer & Box Mfg. Company, 4 La.App. 690; Selby v. Williams, La.App., 140 So. 144; S. T. Alcus & Co. v. Vizard Imp. Company, 156 La. 195, 100 So. 395; Greenfield Box Company v. Independence Veneer & Box Mfg. Company, 163 La. 86, 111 So. 608.

In the latter case, the court said (page 609):

"In this court the contention is renewed on behalf of defendant that this is nothing more than an action quanti minoris which is prescribed in one year. No case is cited in support of the contention. The argument advanced for that purpose, however, is that, inasmuch as Civ.Code, art. 2498, appears in section 1, c. 6, tit. 7, which title is headed 'Of sale,' it necessarily applies to all sales, since by its own terms it is not restricted to the sale of immovables. This argument is unsound.

"The article of the Code relied on by the defendant is one of a number of interrelated articles beginning with article 2491 and ending with article 2499 referring exclusively to real estate. Thus, article 2491 provides that the seller's obligation in the case of the sale of an immovable is 'to deliver *the full extent of the premises,* as specified in the contract, *under the modifications hereinafter expressed.'* (Writer's italics.) These modifications are: Article 2492, providing for a case where the premises sold include more than the quantity stipulated; article 2492, providing for a case where the premises sold include less than the quantity stipulated; article 2494, declaring that the difference between the stated and the actual measurement of the object sold is immaterial if there is an overplus of the measure or if the deficiency of the measure is less than one-twentieth part of the totality of the object sold; article 2495, covering a case where the sale is by boundaries; article 2496, granting the seller a right to demand an additional price for the surplus of the measure; article 2497, requiring the vendor to re-

turn not only the price, if received, but also the expenses occasioned by the contract, in case the purchaser elects to recede therefrom; article 2498, establishing the prescription of one year against actions for the supplement or for the diminution of the price; and article 2499, covering a case where two pieces of ground are sold by the same contract and there be found a lesser quantity in one and a larger one in the other."

We therefore find the plea of prescription was erroneously sustained below and the judgment of the lower court is now reversed, the plea of prescription overruled and the case is remanded to the lower court to be tried on its merits; costs of appeal to be paid by the appellee and other costs to abide the final determination of the suit.