98 So.2d 548 (1957)
Pearl BERRY, Plaintiff-Appellee,
v.
Abraham GINSBURG, D/B/A Caddo Jewelry & Loan Company, Defendant-Appellant.
No. 8733.
Court of Appeal of Louisiana, Second Circuit.
October 30, 1957.
Rehearing Denied November 26, 1957.
*549 Wilson, Abramson & Maroun, Jack H. Kaplan, Shreveport, for appellant.
Smallenberger, Eatman & Morgan, Shreveport, for appellee.
GLADNEY, Judge.
The plaintiff brought this suit against the defendant to rescind a contract and obtain the return of that portion of the purchase price which had been paid, together with attorney's fees occasioned by this action. The defendant has answered by denying a breach of the agreement and has instituted a reconventional demand for the unpaid balance due on the contract. Principally on these issues the case was tried and resulted in a judgment in favor of plaintiff against defendant in the amount prayed for, namely $704. The demand for attorney's fees was rejected as was the reconventional demand. The defendant appealed and plaintiff has answered the appeal to preserve her right to collect attorney's fees.
The petition of Pearl Berry alleges that on May 7, 1949, she purchased from the defendant, Abraham Ginsburg, who owns and operates a business in Shreveport, Louisiana, known as Caddo Jewelry & Loan Company, a diamond ring for $1,830, inclusive of tax; that the ring was sold under an agreement whereby it was retained by the seller until paid for through weekly payments. The subject agreement reads as follows:
"I, Pearl Berry, the undersigned, do agree and promise to pay each week from this date, the 7th day of May, 1949, on the purchase of ring No. 099 until the total sum of Eighteen Hundred and Thirty Dollars ($1,830.00) has been paid.
"It is understood that no certain sum of money is specified to be paid weekly, but that if no payment be made within a period of thirty (30) consecutive days, all previous payments to this, The Caddo Jewelry and Loan Company, become forfeit and I hold no claim against this Company."
It is further alleged after she made payments as prescribed in the contract, that on November 29, 1956, the defendant declined to accept further payments from plaintiff and told her he desired to recede from the contract; and that as a consequence of such action, plaintiff demanded *550 the return of the money which she had paid under the contract. Plaintiff also alleges Ginsburg has offered to allow her to purchase other articles from the store to the value of her credit, but refuses to return the money she has paid.
The defendant has filed an exception of no right or cause of action, and a plea of prescription predicated on the provisions of LSA-C.C. art. 2498. By way of answer he denied refusing to accept any payment by plaintiff, admitted that he received the sum of $704 in various payments from plaintiff, and declared that he was willing to complete the contract. The defendant then as plaintiff in reconvention alleged a demand for the balance due on the sale price of the ring in the sum of $1,124, and pleading further in the alternative, seeks enforcement of the forfeiture provisions of the contract, and alternatively, he again assumes the position of plaintiff in reconvention and demands the payment of $333.26, which he alleges was paid in taxes while holding the possession of the ring.
The judge a quo in a written opinion concluded that Ginsburg did refuse to accept a payment on the ring on November 29, 1956, and that as a result thereof the defendant defaulted on the contract and plaintiff was entitled to recover. He rejected the exception of no cause or right of action, the plea of prescription, and the reconventional demands asserted by defendant.
Plaintiff's cause of action is founded on certain articles of the LSA-Civil Code, which we set forth herewith:
No. 2045:
"The dissolving condition is that which, when accomplished, operates the revocation of the obligation, placing matters in the same state as though the obligation had not existed.
"It does not suspend the execution of the obligation; it only obliges the creditor to restore what he has received, in case the event provided for in the condition takes place."
No. 2046:
"A resolutory condition is implied in all cummutative contracts, to take effect, in case either of the parties do not comply with his engagements; in this case the contract is not dissolved of right; the party complaining of a breach of the contract may either sue for its dissolution with damages, or, if the circumstances of the case permit, demand a specific performance."
No. 2047:
"In all cases the dissolution of a contract may be demanded by suit or by exception; and when the resolutory condition is an event, not depending on the will of either party, the contract is dissolved of right; but, in other cases, it must be sued for, and the party in default may, according to circumstances, have a further time allowed for the performance of the condition."
Thus, a dissolution of a contract, if desired by one of the parties, may be claimed only by suit. Mossy Motors v. McRedmond, La.App.1943, 12 So.2d 719. It is plaintiff's position, therefore, that when the defendant refused to accept further payments on the contract and refused to return to her the money she had paid, she was forced to institute this action, thereby incurring attorney's fees which she seeks to recover.
Upon the trial of the case plaintiff and her attorney both testified that Ginsburg on November 29, 1956, refused to return the money which was demanded. Ginsburg denied that he had done so, although he admitted that he had offered to permit plaintiff to receive merchandise to the amount which she has paid in. The defendant was corroborated to some extent by an employee, Mrs. Juliette Arnold, but the latter conceded that she was not present during the entire conversation between *551 defendant and Pearl Berry on November 29th, and, of course, she did not testify that she was present at the conversation between the defendant and plaintiff's attorney, in which conversation the latter testified Ginsburg did decline to permit plaintiff to continue with her payments. The trial court resolved the issue in favor of plaintiff upon determining defendant had breached the contract.
The defendant testified the payments made by plaintiff were at first substantial, but gradually were so reduced that it appeared that she would take an unreasonable period of time to complete the contract, and accordingly, he took the position it would be unfair to request that the parties sustain the contract with such small payments. As to this point, we observe that the written contract, which undoubtedly the defendant himself wrote, expressly provided no certain sum of money to be paid weekly. He, therefore, cannot claim the equities to be in his favor, especially in view of testimony by him that the ring which he sold to plaintiff for $1,830 was purchased by him for $700. We find no error in the finding of the judge a quo upon the merits of the case.
The appellant does not urge before this court his exception of no cause or right of action and we consider it as abandoned. Nor is a plea of prescription based on LSA-C.C. art. 2498, though urged in brief, apposite. In Manget Bros. Company v. Page, La.App.1938, 183 So. 139, 140, this court had under consideration an action to recover the balance due in a cotton transaction. A similar plea of prescription was considered and resolved by the court as follows:
"This brings us to the plea of prescription of one year. Defendant contends that Article 2498 of the Revised Civil Code is applicable. It provides as follows:
"`The action for supplement of the price on the part of the seller, and that for diminution of the price or for the canceling of the contract on the part of the buyer, must be brought within one year from the day of the contract, otherwise it is barred.'
"We are of the opinion this article is not applicable to the case at bar. It relates only to actions for a supplement of price by the seller, or for its diminution, or canceling of a contract by the buyer where an increase or reduction can be claimed for excess or deficiency of measure. Sewell vs. Willcox, 5 Rob. 83. And it has been held numerous times that this article applies only in a contract of sale of lands or immovables where a deficiency or excess occurs in the measure or acreage of the property sold. Greenfield Box Company v. Independence Veneer & Box Mfg. Company, 4 La.App. 690; Selby v. Williams [19 La.App. 845], 140 So. 144; S. T. Alcus & Co. v. Vizard Imp. Company, 156 La. 195, 100 So. 395; Greenfield Box Company v. Independence Veneer & Box Mfg. Company, 163 La. 86, 111 So. 608.
"Through a reconventional demand accompanying respondent's answer, the recovery of Federal excise taxes and property taxes was sought. We find no merit in this claim. Title to the ring passed to the plaintiff at the time the agreement was effectuated and this is true even though possession of the ring was retained by the defendant vendor. It, therefore, seems to us that any property taxes paid on account of the ring by the defendant were paid in error and plaintiff cannot be held responsible therefor. We observe that plaintiff alleges she purchased the ring at the price of $1,830, inclusive of all taxes, and the contract itself fixes the amount to be paid by plaintiff as the sum of $1,830.
It is to be noted that the judge a quo rejected plaintiff's demand for $250 attorney's fees, although the record shows that such amount was duly proven upon trial of the cause. LSA-C.C. arts. 1930, 1934 and 2497 provide ample authority for the recovery of expenses occasioned to the buyer by the breach of the seller where a suit for rescission is necessitated. Such *552 attorney's fees were allowed in the case of Raney v. Gillen, La.App.1947, 31 So.2d 495 and Smallpage v. Wagner & Wagner, La. App.1956, 84 So.2d 863.
It is our conclusion plaintiff is entitled to recover the amount paid by her on the purchase price of the ring and was justified in instituting this action for a rescission of the contract due to defendant's refusal to accept further payments pursuant to the provisions of the contract. We further hold under the authorities hereinabove cited, attorney's fees of $250 which were sufficiently proven before the trial court should be awarded.
For the foregoing reasons, the judgment from which appealed is amended by awarding to plaintiff attorney's fees in the sum of $250, and as so amended, the judgment is affirmed at appellant's cost.