McBRIDE, Judge.
This action, filed on December 3, 1959, was dismissed on defendant’s exception of prescription of one year and plaintiffs have appealed. The alleged facts are that on September 11, 1957, plaintiffs purchased from defendant nineteen complete but disassembled and crated Stearman aircraft (and other articles not necessary to mention) and paid therefor the purchase price of $60,000; that the vendor warranted that the fabric on fourteen of the nineteen aircraft was in sufficiently good condition to be usable; that upon receipt of the purchased equipment, plaintiffs discovered that vari *2 ous parts of the nineteen aircraft, of a value of $2,403.15, were missing, and that the fabric on all nineteen aircraft was unusable; that the cost of restoring the fabric on fourteen of the nineteen aircraft totalled $11,-'400. The suit is for $13,803.15. Plaintiffs contend that the prescription of one year is not applicable and argue that the prescription governing the action is that of ten years under LSA-C.C. art. 3544.
Plaintiffs’ position is that the facts alleged in their petition clearly set forth an action for breach of contract insofar as the defective fabric on the fourteen aircraft is concerned, and an action in quasi contract as to the amount of money which plaintiffs paid and which defendant received for the missing parts, said payment having been received and made in error, thus creating an obligation on defendant’s part to restore that which it unduly received. LSA-C.C. art. 2293 defines a quasi contract to be the lawful and purely voluntary act of a man, from which there results any obligation whatever to a third person, and according to LSA-C.C. art. 2294, the payment of a thing not due forms a quasi contract. Plaintiffs cite LSA-C.C. art. 2301 obligating him who receives what is not due to make restoration, and LSA-C.C. art. 2302 which grants the right to one who has paid through mistake, believing himself to be a debtor, to reclaim what was paid. Counsel also cite LSA-C.C. art. 2486 providing that the seller is liable for damages if there result any detriment to the buyer occasioned by the nondelivery at the time agreed upon.
This action is not for damages for breach of contract or based on a quasi contract. Plaintiffs purchased each of nineteen aircraft as a complete unit. No component parts for any one unit were sold separately from other parts of that aircraft. Even though they were disassembled and placed in various crates, the parts for each aircraft collectively must be said to constitute but one entity. The missing parts rendered each of the nineteen units defective, and in our opinion this would constitute a redhibitory vice. Under LSA-C.C. art. 2520 redhibition is defined to be the avoidance of a sale on account of some vice or defect in the thing sold which renders it either absolutely useless or its use so inconvenient and imperfect that it must be supposed that the buyer would not have purchased it had he known of the vice. An action for reduction of the price is included in the redhibitory action, and the buyer may limit his demand to a reduction of the price, or the judge may decree merely a reduction of the price. LSA-C.C. arts. 2541, 2542, 2543. Actions for a reduction of price are subject to the same rules and limitations as redhibitory actions. LSA-C.C. art. 2544. The action for redhibition must be commenced within a year counting from the discovery of the vice. LSA-C.C. art. 2546. A suit to recover a portion of money paid for defective goods or for the cost of reconditioning them is considered an action for the reduction of price under LSA-C.C. art. 2541. Louisiana Cotton Cooperative Ass’n v. Futrell, La.App., 184 So. 600. Where the purpose of a suit is the avoidance of a sale by recovering back the price, it is a redhibitory action. Lewis v. Peets, 10 La.Ann. 489.
Whereas plaintiffs’ suit was not instituted within a year counting from the time discovery was made of the vice in the articles purchased, their demand is barred and the plea of one year’s prescription was properly maintained.
Counsel for appellants contend that the instant case is similar to Greenfield Box Co. v. Independence Veneer & Box Mfg. Co., Limited, 163 La. 86, 111 So. 608, wherein the Court held the action arose out of a quasi contract and as such was prescribed only in ten years. The cited case is not apposite here. In that case there was payment through error for a shipment of merchandise which checked short. That situation does not exist here. Plaintiffs purchased aircraft which proved defective upon delivery.
The judgment appealed from is affirmed.
Affirmed.