JANVIER, Judge.
This litigation is the result of a sale of an immovable wherein defendant allegedly warranted that all prior taxes on the property were paid. It was later discovered that prior taxes were due on the property, and these were paid by the plaintiffs when they subsquently sold the property.
On June 14, 1946, plaintiffs, Mr. and Mrs. William Gage, Jr., bought from Mrs. Althea E. Jones, wife of Henry Heins, the property in New Orleans bearing the municipal number 2416-18 South Johnson Street. The act of sale contained the vendor’s warranty that all prior state and city taxes had been paid and that this was evidenced by a research certificate, which allegedly was annexed to the act of sale.
In 1964, Mrs. Bertha L. Mayer agreed to buy the property from Mr. and Mrs. Gage, and the act of sale was executed on January 28, 1964. The act of sale stated: “There are taxes due and a tax sale to the State and to the City which will be paid and redemptions obtained in conjunction with this Act.” The taxes which were overdue to the City and to the State had accrued a number of years before the purchase of the property by Mr. and Mrs. Gage in 1946. The City’s tax lien had attached in 1930 and the State’s privilege arose in 1935. Tax adjudications followed and the property was sold to the taxing authori-' ties. Neither had been redeemed. Accordingly, the notary who executed the 1964 act of sale was authorized to retain a sufficient amount from the purchase price to secure the redemption and to pay all costs necessary. This was accomplished. The plaintiffs then brought a warranty suit against the defendant who had sold them the property in 1946. They averred that it had been necessary for them to pay a total of $5,300 to effect the redemption. The costs were itemized as follows:
Taxes paid to redeem property $1,200
Attorney’s fee paid for obtaining redemption and clearing title 1,600
Damages 2,500
TOTAL $5,300
To this petition the defendant filed pleas of prescription of one, five, and ten years. The plea of ten years was sustained as to the claim for repayment of the taxes which were paid, and the plea of prescription of one year was sustained as to the costs and damages which had been made necessary.
From the judgment dismissing their suit, plaintiffs have appealed to this court.
In an action in warranty where prescription is involved, it is obvious that the prescriptive period is fixed at ten years by LSA-C.C. art. 3544. Whitten v. Monkhouse, 29 So.2d 800 (La.App.2d Cir. 1947).
Had the plaintiffs been aware of the fact that there were tax adjudications against the property being purchased, they could immediately have brought this action against their vendor. However, since the act of sale recited that the research certificate showed that there were no back taxes due, they were justified in relying on that statement. The prescriptive period against their action in warranty did not *701 commence to accrue until they learned of the fact that, in spite of the statement in their act of purchase, there were taxes which had not been paid by their vendor. At that point their right to bring this action came into being, and the plaintiffs’ failure to file suit within the ten years following that date terminated their right to recover.
The record shows that during the year 1953, Mrs. Gage received notice from the City that the property was going to be sold because of back taxes. She inquired about the notice and was told there were back taxes due. She did not know exactly what taxes were due, and employed an attorney to get the necessary information.
Apparently that attorney did discover the delinquencies, but did nothing toward taking the necessary steps to effect redemption. Mrs. Gage then consulted another attorney and again learned that there had been adjudications for delinquent back taxes. Once more, nothing was done to effect the necessary redemption. The exact dates on which Mrs. Gage obtained this information are not made certain. However, it is certain that she learned of the situation during the year 1953 and did nothing either toward redeeming the property or making a claim against the vendor by an action in warranty.
On behalf of the plaintiffs, it is argued that the prescriptive period of ten years did not begin to run when the plaintiffs only gained knowledge of the tax difficulty. Their contention is that it commenced to run only when the act of sale was executed and they authorized the notary to retain the necessary amount from the sale price to effect the redemptions.
We cannot accept this view. The prescriptive period commenced to run as soon as they became aware of the fact that there were back taxes due and that they might assert their right against the vendor. After the passage of ten years from that time, their right of action expired. LSA-C.C. art. 3544. Whitten v. Monkhouse, supra.
Counsel for both parties rely upon the decision in the Whitten case. Counsel for the plaintiffs asserts that decision holds the prescriptive period does not commence to run until the actual loss is sustained.
In the Whitten case there was a purchase of property by a vendee who, for some reason, failed to register the act of sale. Some years later, the vendor, in whose name the property had remained on the public records, sold the same property to another purchaser. This second sale was properly registered. Some time thereafter, the first purchaser returned to Caddo Parish and began an investigation for the purpose of taking possession of his property. He learned at that time the property which he had purchased had been sold to someone else. It was held that the prescription against the vendee’s action in warranty against his vendor did not commence to run until he learned of the second sale. There was no suit he could have brought until he became aware that a second sale of the property had been made. Therefore, since no cause of action existed until the second sale was made, and since he could not have known of that except possibly by chance, he had no obligation to commence his action until he actually had learned of the second sale.
There is no doubt here that the plaintiffs were made aware in 1953 of the fact there were back taxes due on their property. The record leaves no question of this fact. There was no fault on their part in not bringing this action until they obtained that knowledge. Nevertheless, they did not bring this action until September 15, 1965. It is obvious that more than ten years had elapsed, during which time they should have asserted their claim in warranty against the vendor.
The claim for the attorney’s fees and damages was held by the district judge to have arisen when the plaintiffs allowed *702 the necessary amount to be retained from the sale on January 28, 1964. Therefore, since the suit was not filed until September IS, 1965, more than one year had elapsed between the date of the sale and the filing ■date of this suit. The claim for such damage was prescribed by one year under LSA-C.C. art. 2315, so that it, as well as the cost for reimbursement for the payment of the past due taxes, has been lost by the passage of time.
Accordingly, the suit was properly dismissed and the judgment appealed from is .affirmed at the cost of plaintiffs.
Affirmed.