BOLIN, Judge.
Dales Jewelers of Shreveport, Louisiana, sued Raymond Jones on a note claiming that failure to pay the monthly payments had accelerated the note and asked for interest and attorneys’ fees. Defendant denied plaintiff’s claim and reconvened, seeking rescission of the purchase of a diamond ring and damages for breach of a guaranty agreement entered into at the time defendant purchased the ring from plaintiff. Alternatively, plaintiff in reconvention asked the court to render judgment declaring the debt extinguished by compensation or setoff. Following judgment for plaintiff as prayed for in the amount of $1087.81 with interest at 8% and attorneys’ fees of $271.90 and rejection of defendant’s reconventional demand, defendant appeals.
During the period from May 13, 1965, until July 13, 1966, Jones purchased some ten items of merchandise from Dales, including the diamond cluster ring which Dales “insured against loss from the mounting if not tampered with, for a period of one year from date of purchase”. On the last-mentioned date Jones executed the note sued upon to cover the balance due on his entire amount. The terms of this note specified Jones was to pay $80 per month. However, the record of payments entered on statements introduced into evidence by Dales shows that from the beginning of the account until the execution of the note Jones made weekly payments varying in amounts from $5 to $20. These statements further reflect the weekly payments paid by Jones between date of execution of the note through October 15, 1966, totalled $240. Since this was the exact amount due from July 22, 1966, through October 22, 1966, and since Dales had regularly accepted weekly rather than monthly payments, it is apparent Jones was not in arrears at that time. However, we agree with the trial judge that discontinuance of payments on the note by defendant for approximately four months subsequent to return of the ring gave plaintiff the right, after demand, to declare the note matured and to recover thereon for the unpaid amount still due.
We consider the principal issue raised on appeal to be the correctness vel non of the rejection of defendant’s reconventional demand. On or about October 27, 1966, Jones returned the ring to Dales because one of the diamonds had been lost and he wished it replaced under the guarantee. Jones testified the representative at Dales said it was not covered by the guarantee and that the replacement would cost him approximately $99.50. He refused to pay for the replacement and Dales retained possession of the ring.
It was only after Jones had sought the advice of counsel that Dales agreed to repair the ring upon the condition that Jones would pay all the installments allegedly accrued as of that time, which was two and one-half months after the original consultation with regard to the repair under the guarantee. The invoice filed in the record by plaintiff reflects the ring was purchased March 14, 1966, for $1050, with Jones being allowed a credit for a trade-in valued at $550, leaving a net price of $500. To this sum was added $10 state tax and $122.48 service charge, making a total of $632.48.
Jones’ reconventional demand is predicated on the proposition that he was not in arrears on his payments at the time he returned the ring to the store for replacement of the lost diamond; that Dales’ refusal to honor the agreement to replace lost diamonds within one year was an active breach which entitled him to sue for specific performance or rescission; that when he was sued on the note he was entitled to interpose by reconventional demand his action for rescission for breach under the provisions of Article 2046, Louisiana Civil Code:
“A resolutory condition is implied in all commutative contracts, to take effect, in *128 case either of the parties do not comply with his engagements; in this case the contract is not dissolved of right; the party complaining of a breach of the contract may either sue for its dissolution with damages, or, if the circumstances of the case permit, demand a specific performance.”
In addition, plaintiff in reconvention urges the lower court erred in failing to award damages for harassment, refusal to replace the diamond, filing of suit with consequent damage to credit due to publication in newspapers, and attorney’s fees.
We conclude from our review of the record and exhibits that plaintiff had an obligation under its guarantee to replace the lost stone in the ring, which was timely returned to the store, and by its failure to so do breached that obligation. Plaintiff has retained possession of the ring, which has never been repaired, and though now admitting its obligation contends such duty is suspended because defendant had discontinued payments.
We believe of particular importance is the language of Louisiana Civil Code Article 2497 which provides:
“In all cases where the buyer has a right to recede from the contract, the seller is bound to make him restitution not only of the price, if already received, but also of the expense occasioned by the contract.” (Emphasis added)
We find defendant entitled to a rescission of the purchase because of plaintiff’s deliberate breach of the guarantee and we further conclude such breach entitles defendant to damage occasioned thereby, including his attorney’s fees. Berry v. Ginsberg (La.App. 2 Cir.1957) 98 So.2d 548; Raney v. Gillen (La.App. 2 Cir.1947) 31 So.2d 495; Louisiana Civil Code Articles 1930, 1934 and 2497.
Appellee contends appellant has failed to prove any of the elements of damage prayed for in the reconventional demand. However, plaintiff in reconvention testified he had been called in by his employer, after the latter learned this suit had been filed, and had been told to get his affairs straightened out; that four other creditors inquired about the suit; that it was necessary for him to hire an attorney to defend him in this litigation and to prosecute his reconventional demand for rescission; that he had obligated himself to pay his attorney $250 for trial in the district court and $250 should appeal be necessary. From the foregoing .testimony we consider $100 reasonable compensation to defendant for harassment and damage to his credit and an award of $300 ample to compensate him for his attorney’s fees.
For the foregoing reasons judgment in favor of plaintiff is affirmed, but insofar as it denies any relief to defendant, plaintiff in reconvention, it is reversed and set aside and it is now ordered, adjudged and decreed that Raymond Jones have judgment in re-convention against Dales Jewelers in the sum of $1582 with legal interest thereon from judicial demand until paid. It is further ordered that Dales Jewelers pay all costs.
Affirmed in part and reversed in part.