250 So.2d 471 (1971)
Wilton E. HOGGATT et al. (Roy S. Halcomb, Plaintiff in Third Party Action and Appellant),
v.
Roy S. HALCOMB (Dr. R. U. Fairbanks, Defendant in Third Party Action and Appellee).
No. 11641.
Court of Appeal of Louisiana, Second Circuit.
June 22, 1971.
Halcomb & Cole, by Roy S. Halcomb, Ferriday, for defendant-third party plaintiff-appellant.
John Barkley Knight, Jr., Winnsboro, for plaintiff-appellee.
R. R. Reeves, Jr., Harrisonburg, for third party defendant, Dr. R. U. Fairbanks.
Before AYRES, PRICE, and HEARD, JJ.
*472 PRICE, Judge.
This appeal is taken from a judgment by the district court sustaining a peremptory exception of no cause or right of action. This decision in favor of a third party defendant was based upon the court's opinion that a call in warranty cannot go indiscriminately against any prior vendor in the chain of title, as it is a personal action which will lie only against the vendee's immediate vendor with whom he has privity of contract.
On June 2, 1959, plaintiffs, Wilton E. Hoggatt, et al., filed a petition for a judgment declaring them sole owners of a tract of land in Franklin Parish, entitled to peaceful and undisturbed possession thereof.
The named defendant in the above petition, Roy S. Halcomb, answered the petition, denying plaintiffs owned the property in question and asserting that he acquired ownership thereof by purchase from Concordia Bank & Trust Company, or, alternatively, by ten or thirty years acquisitive prescription by his own possession and that of his authors in title.
Halcomb also filed a third party demand against Dr. Russell U. Fairbanks and J. B. Weston, alleging that each has warranted the title to the property and should be called to defend his title or to respond in damages in the event of an eviction. Halcomb's vendor, Concordia Bank & Trust Company, acquired the property by foreclosure from Weston, who had previously purchased it from Dr. Fairbanks. Halcomb did not join the bank as a defendant in this third party action.
In response to the third party demand, Dr. Fairbanks filed an exception of prematurity on May 22, 1970, alleging that he could not be called as a warrantor of title until Halcomb's remedies against Weston, an intervening vendor, have been exhausted.
Subsequently, Dr. Fairbanks filed exceptions of no cause or right of action urging that a vendee must proceed in an orderly manner through his own vendor back through the chain of title, and cannot indiscriminately select any prior vendor for suit. He also plead the prescription of ten years liberandi causa under Article 3544 of the La. Civil Code on the theory that his vendee, Weston, held the property for more than ten years before its seizure by Concordia Bank & Trust Company.
Judgment was rendered in the district court sustaining the exception of no cause or right of action. The trial judge held that a call in warranty cannot be directed against any prior vendor through which the title of the present holder was derived, but that the vendee must resort to the vendor with which he has privity.
From the above judgment Halcomb has taken this appeal.
The following codal articles are pertinent to our decision of whether prior vendors may be cited in warranty:
"Art. 2475. The seller is bound to two principal obligations, that of delivering and that of warranting the thing which he sells."
"Art. 2476. The warranty respecting the seller has two objects; the first is the buyer's peaceable possession of the thing sold, and the second is the hidden defects of the thing sold or its redhibitory vices."
"Art. 2501. Although at the time of the sale no stipulations have been made respecting the warranty, the seller is obliged, of course, to warrant the buyer against the eviction suffered by him from the totality or part of the thing sold, and against the charges claimed on such thing, which were not declared at the time of the sale."
"Art. 2503. The parties may, by particular agreement, add to the obligation of warranty, which results of right from the sale, or diminish its effect; they may even agree that the seller shall not be subject to any warranty.

*473 But whether warranty be excluded or not the buyer shall become subrogated to the seller's rights and actions in warranty against all others."
"Art. 2517. The purchaser threatened with eviction, who wishes to preserve his right of warranty against his vendor, should notify the latter in time of the interference which he has experienced.
This notification is usually given by calling in the vendor to defend the action which has been instituted against the purchaser."
In Smith v. Wilson, 11 Rob. 522, 523 (1845), the Court stated:
"The general rule now settled is, that the party evicted can sue only his own immediate warrantor; but there is clearly an exception, when the party so evicted has been subrogated to the action of warranty by his vendor."
In 1924, subsequent to the above decision, Article 2503 (supra) of the Louisiana Civil Code was amended to incorporate the exception provided in Smith v. Wilson into the purview of this article. The buyer is now subrogated to the seller's rights and actions in warranty against all others even where there has been no express stipulation to that effect, and regardless of whether the immediate seller warrants title.
Several years after this amendment, the Louisiana Supreme Court decided the case of Carpenter v. Herndon, 173 La. 239, 136 So. 577 [1931], in which it noted by way of dictum that Act No. 116 of 1924 (amending article 2503) was an enactment of the view of French authorities that a buyer can proceed against any preceding seller in the chain of title by an action in warranty.
Two earlier cases have recognized the right of a vendee to proceed against a remote vendor, Johnston v. Bell, 6 Mart. (N.S.) 384 [1828], and Town of Vinton v. Lyons, 131 La. 673, 60 So. 54 [1912]. The later case of McEachern v. Plauche Lumber & Construction Co., 220 La. 696, 57 So.2d 405 [1952], cited by appellee as reaching a contrary result to the cases just cited is not inconsistent in our understanding. In the McEachern case the court merely held the obligation of warranty of vendor in a chain of title is not an obligation in solido. In this action Halcomb has not prayed for an in solido judgment against Weston and Fairbanks but has alleged he should have a monetary judgment in the event of an eviction against Weston and/or Fairbanks.
In the event defendants are unable to successfully defend the title and an eviction is ordered, we recognize the obligation to respond in damages varies among the vendors in the chain of title in accordance with the consideration for various sales in the chain. However, as no judgment can be rendered against any vendor for more than the purchase price and other incidentals allowed under La.C.C. article 2506, we do not see any prejudice to anyone by allowing more than one vendor to be joined in the same call in warranty. To do so would prevent a multiplicity of actions.
In filing the exception of prescription Fairbanks relies on the provisions of La. C.C. article 3544 with the assumption the period begins to run at the time of his sale to Weston. He further assumes that as Weston retained the property for over ten years that any action in warranty against him prescribes at the end of this period, and as Halcomb merely is subrogated to whatever rights are possessed by Weston, then the right of warranty has prescribed to him also.
Under the prevailing jurisprudence the prescriptive period does not begin to run until knowledge of a contrary claim is possessed by the vendee. Whitten v. Monkhouse, 29 So. 800 (La.App. 2d Cir. 1947); Gage v. Heins, 197 So.2d 699 (La. App. 4th Cir., 1967).
*474 As the date on which Halcomb first became aware of the contrary claim to his title to the property in dispute is not reflected by the record, and as the trial court did not pass on the exception of prescription, we do not find it proper for us to pass on this issue at this time.
For the foregoing reasons the judgment appealed from is hereby reversed, and the exceptions of no cause or right of action are hereby overruled. It is further ordered that this case be remanded to the Fifth Judicial District Court for the Parish of Franklin for further proceedings in accordance with the law and not inconsistent with the views expressed herein.
Costs of this appeal are to be paid by appellee.