STOKER, Judge.
This is an action brought by plaintiff, Evangeline Farmer’s Co-op, Inc., seeking the determination of ownership of title to a certain tract of land and, in the event that title belonged to another, reduction in the purchase price. The defendants in the suit are Drouet P. Vidrine and Rose P. Vidrine, the vendors of the land, and Ewell Fonten-ot, the party claiming adverse title to the land. Defendant Vidrine, filed an exception of prescription to plaintiff’s claim for reduction of the purchase price which was sustained by the trial judge. From this adverse judgment plaintiff has perfected this appeal.
The facts reveal that on October 30, 1974, Drouet Vidrine conveyed to plaintiff a 5.69 acre tract of land located in Evangeline Parish. In the spring of 1977, defendant Fontenot asserted a claim of ownership over a portion of the property conveyed by Vidrine to plaintiff.
Plaintiff filed this action on September 13, 1977, seeking a determination of ownership to the disputed portion, and in the event that Fontenot’s claim of ownership was valid, a reduction of the purchase price. On March 2, 1979, defendants, Drouet P. Vidrine and Rose P. Vidrine, filed an exception of prescription to plaintiff’s claim for reduction of the purchase price. In particularizing the exception the Vidrines cited LSA-C.C. art. 2498 as the basis for the claimed prescription.[1] The trial judge sustained the defendant’s exception of prescription, dismissing plaintiff’s suit against defendants.
Plaintiff assigns as error the judge’s decision sustaining defendants’ exception of prescription.
The trial judge, assigning no written reasons for sustaining the exception, apparently relied upon LSA-C.C. art. 2498 which provides:
The action for supplement of the price on the part of the seller, and that for diminution of the price or for the canceling of the contract on the part of the buyer, must be brought within one year from the day of the contract, otherwise it is barred.
The jurisprudence has interpreted this article to apply in situations where the seller has failed to deliver the full extent of the premises sold or where the premises delivered exceed the measurement specified in the contract.
In S. T. Alcus & Co. v. Vizard Improvement Company, 156 La. 195, 100 So. 395 (1924), plaintiff, who had bought approximately 1290 acres from defendant, brought an action against defendant for reduction of the purchase price after discovering that 400 acres conveyed in the sale were not owned by defendants. Defendants filed an exception of prescription based on Civil Code Article 2498 contending that over a year had elapsed since the date of the contract.
The court, overruling defendants’ exception of prescription, stated:
The article of the Code (2498), upon which defendant relies, reads as follows:
“The action for supplement of the price on the part of the seller, and that for diminution of the price or for the canceling of the contract on the part of the buyer, must be brought within one year from the day of the contract, otherwise it is barred.”
That article is found in section 1, chapter 6, title 7, of the Code, which treats of the *606 tradition or delivery of the thing sold. It relates particularly to the action authorized by articles 2491 and 2492 in favor of the buyer, where the seller has failed to deliver the full extent of the premises sold, and to that authorized by article 2493 in favor of the seller, where the measurement exceeds one-twentieth part in extent of the premises specified in the contract.
There is no question in the present suit that the seller has failed to deliver the full extent of the premises or less than the measurement specified in the contract, but the fact is that the seller has delivered a particular and designated tract of land of which it admits it was not the owner. The action of plaintiff is therefore not grounded upon the articles 2491 and 2492 of the Code, to which the prescription of article 2498 applies, but is founded on articles 2501 and 2506, which recognize the right of the buyer who is evicted either from the whole or from a part of the thing sold to claim restitution of the price.
See also Selby v. Williams, 19 La.App. 845, 140 So. 144 (2nd Cir. 1932). Cf. Collins v. Slocum, 317 So.2d 672 (La.App. 3rd Cir. 1975).
In the present case, as in S. T. Alcus, the prescription period of LSA-C.C. art. 2498 is not applicable since plaintiff does not contend that defendant failed to deliver the full extent of the premises as specified in the conveyance. Plaintiff, contending that defendant did not own a portion of the property conveyed to plaintiff, bases his action on LSA-C.C. arts. 2501 and 2514, which provide, respectively,
Art. 2501. Although at the time of the sale no stipulations have been made respecting the warranty, the seller is obliged, of course, to warrant the buyer against the eviction suffered by him from the totality or part of the thing sold, and against the charges claimed on such thing, which were not declared at the time of the sale.
Art. 2514. If in case of eviction from a part of the thing, the sale is not canceled, the value of the part from which he is evicted, is to be reimbursed to the buyer according to its estimation, proportion-ably to the total price of the sale.
The jurisprudence has held that in actions for breach of warranty of title, the 10 year prescriptive period provided by LSA-C.C. article 3544, is applicable. Gage v. Heins, 197 So.2d 699 (La.App. 4th Cir. 1967). This prescriptive period does not begin to run until knowledge of a contrary claim is possessed by the vendee. Hoggatt v. Halcomb, 250 So.2d 471 (La.App. 2nd Cir. 1971).
Since plaintiff’s action is based upon a breach of warranty of title, the ten year prescriptive period of Civil Code article 3544 is applicable. The record reveals that plaintiff purchased this property in October, 1974. Plaintiff had knowledge of a contrary claim in the spring of 1977. Obviously the prescriptive period to plaintiff’s action based on breach of warranty has not elapsed. The trial judge erred in sustaining defendant’s plea of prescription.
For the foregoing reasons, the judgment appealed from is reversed, and the exception of prescription is overruled. It is further ordered that this case be remanded to the Thirteenth Judicial District Court for the Parish of Evangeline for further proceedings in accordance with law. All costs of this appeal are assessed against defendants-appellees, Drouet P. Vidrine and Rose P. Vidrine.

REVERSED AND REMANDED.

. Defendants-exceptors referred in the exception to Louisiana Code of Civil Procedure, article 2498. It is clear that the Civil Code article by that number was intended, and defendants-exceptors’ brief corroborates this.