EDWARDS, Judge.
On October 14, 1976, plaintiff, Leonce P. Kling, Jr., purchased a used car from defendant, Richard H. McLin. When Kling applied for a title from the Louisiana Department of Public Safety, he was informed, on December 21, 1976, that no title would issue since the vehicle was encumbered with a chattel mortgage. On October 11, 1979, plaintiff brought suit against McLin, seeking return of the purchase price, interest and costs. McLin answered, denied plaintiff’s claim and named Durham Pontiac-Cadillac, Inc., a third party defendant.
McLin and Durham Pontiac-Cadillac each filed a peremptory exception of prescription, urging that plaintiff’s action was in redhibition and had prescribed by the passage of one year. The trial court maintained both exceptions and dismissed both plaintiff’s and third party plaintiff’s actions at their respective costs. Plaintiff appeals. We reverse.
A seller is bound to two principal obligations — that of delivering and that of warranting the thing which he sells. LSA-C.C. Art. 2475. The seller’s warranty has two objects — the first is the buyer’s peaceable possession of the thing sold and the second is the hidden defects of the thing sold or its redhibitory vices. LSA-C.C. Art. 2476.
The peaceable possession of a buyer is disturbed when he is evicted from the totality or a part of the thing purchased, due to the right or claims of a third person. LSA-C.C. Art. 2500. In the present case, the third person is Beneficial Finance Company of Hammond, the mortgage holder.
When a buyer sues his vendor for breach of the warranty of peaceable possession, the applicable period of prescription is ten years. LSA-C.C. Art. 3544. Evangeline Farmer’s Co-op, Inc. v. Vidrine, 378 So.2d 604 (La.App. 3rd Cir. 1979); Hoggatt v. Halcomb, 250 So.2d 471 (La.App. 2nd Cir. 1971); Gage v. Heins, 197 So.2d 699 (La. App. 4th Cir. 1967), writ refused 250 La. 917, 199 So.2d 921 (1967); Whitten v. Monkhouse, 29 So.2d 800 (La.App. 2nd Cir. 1947), amended on other grounds 213 La. 651, 35 So.2d 418 (1948). It was, therefore, error for the trial court to apply LSA-C.C. Arts. 2498 and 2546 and to find that plaintiff’s action had prescribed.
For the foregoing reasons, the judgment appealed from is annulled and reversed. The case is remanded to the trial court for proceedings not inconsistent with law and this opinion. All costs are to await a final determination on the merits.
REVERSED AND REMANDED.